Judge Rowan
delivered the opinion of the court.
Lewis exhibited his bill in the court below, wherein he asserted his claim to 18,000 acres of land entered, surveyed and patented in the name of Jacob Larue, and by the said Larue conveyed to him. He alledged that the defendants held under patents of elder date than his, but that the entries upon which their patents emanated, were vague and void, and that his entry was special and valid. He exhibited his own and the entries of defendants, and alledged that they interfered with his claim, and prayed a decree for a conveyance to the extent of the interference.
The entry of Hynes is alone stated to be included in complainant’s claim. The bill was taken for confessed against those defendants, as to whom the suit had not been dismissed. The answer of Honacre, one of the defendants, had been made out, sworn to, and lodged with the clerk near a year before the decree was pronounced; but no notice had been taken on the record of that answer. The statement *124 of the clerk is, that the answer was, on the 26th day of August, 1816, lodged in the clerk's office. That answer negatives the allegations of the bill so far as to require from the complainant proof thereof. There was no order of survey in the cause.
An answer lodged with the clerk, but neither noted on the record or filed among the papers, should not be noticed by the court;—but if found among the papers, though not noticed on record, the court should respect it and direct its appearance to be entered, nunc pro tunc.
The certificate of the surveyor, or rather of a surveyor, made out, of his own mere motion, that the claim of complainant included the entire claims of the defendants, was lodged among the papers of the cause. The court decreed a conveyance by the defendants respectively of their entire tracts, to the complainants. To reverse which decree this writ of error is sued out.
The errors mainly relied upon in this case are, 1st. That it was erroneous to decree to complainant the entire tracts, the defendants, without either allegation or proof of an entire interference of those claims, with that of the complainant. And 2d. That it was erroneous to decree against the defendant Honacre, whose answer was in, without proof supporting the allegations negatived by that answer.
In relation to the last of those two errors, it may be observed, that the complainant was not bound to notice the answer until it had been entered in court. See 4th Littell, 180. No entry thereof having been made in court, and it not appearing that the answer was filed among the papers of the cause, we cannot say the court, erred in not noticing it. A court of chancery when a regular and competent answer had been made out and filed in the papers of the suit, should not, because there had been an omission to enter it in court, pretermit it and decree against its negations; they should direct an entry of the answer, nunc pro tunc, and proceed in the cause, so as to reach in their decree the justice of the case, according to the dictates of conscience, the law, and usages of that court. But the statement, that the answer was lodged with the clerk, does not import according to the common, or any technical import, of those words, that it was filed in the papers of the suit. The clerk knowing it was to be entered in court, may have placed it in his rough bundle, to have it convenient when it should be required for that purpose. There is, therefore, nothing in this error.
In relation to the other error, it may be observed, that a decree upon an implied confession, must be taken strictly; the facts, upon which the decree is based, should he distinctly alledged, and the decree should be confined to the *125 facts so alledged. No intendment of a fact not within the allegations, can be made to support such a decree. An interference may be partial or total. The word does not, ex vi termine, import total, but rather excludes it. The private certificate of a surveyor was inadmissible evidence of a total interference. Indeed it could in no shape, be evidence in the cause, unless the defendants had consented thereto. Their consent is not proved, and it cannot, in this one-sided mode of proceeding, be presumed. The legal presumptions drawn from the pro confesso state of a bill, must be confined to the distinct allegations therein. The proofs, when any are thought necessary, must be made out conformably to the general rules of evidence. A total inclusion of the claims of the defendants, not having been alledged by complainant in his bill, the court erred in decreeing to him the whole.
A decree on implied confession should be taken strictly & on facts distinctly alledged, no intendment of a fact not so alledged can be indulged.
The private confession of a surveyor is not evidence of any fact, unless made so by consent.
Littell for plaintiffs in error.
It is, therefore, considered by the court, that the decree aforesaid be reversed, annulled and set aside, and that the cause be remanded, that the answer of Honacre may be entered, and that further proceedings may be bad therein, not inconsistent with the principles of this opinion, and that defendant recover of complainant his costs, &c.