# St. Louis Coal Railroad Co.
## v.
## Ben. W. Moore.

1. INSTRUCTIONS.—Where the evidence is conflicting, it is essential that the law be expounded accurately and clearly. As the instructions in this case were conflicting, inaccurate and liable to mislead the jury, the judgment is reversed.

2. DUTY OF RAILROAD COMPANY—LIABILITY.—It is the duty of a railroad company to do all that human care, vigilance and foresight reasonably can, consistently with the mode of conveyance and the practical operation of the road, to provide safe coaches, machinery, track and road-bed, and to keep the same in repair, but the carrier does not absolutely insure the passenger against injury; and while responsible for an injury resulting from negligence, is not responsible for an accident resulting from a hidden defect in materials used for ties, rails, etc., if such defect could not, by the exercise of such care, vigilance and foresight, be detected.

3. PRACTICE—OBJECTION TOO LATE.—Where a specific objection to certain evidence, as varying from the allegations in the declaration, was not made in the trial court, it can not be made for the first time in this court.

APPEAL from the Circuit Court of Williamson county; the Hon. O. A. HARKER, Judge, presiding. Opinion filed April 18, 1884.

Mr. W. J. ALLEN and Mr. GEORGE W. YOUNG, for appellant; as to damages, cited Peoria Bridge Asso'n v. Loomis, 20 Ill. 235; Penn. R. R. Co. v. Books, 8 Am. L. R. 528; Laing v. Colder, 8 Barr, 481.

Messrs. BARR & LEMMA and Messrs. CLEMENS & BURTON, for appellee; as to time to make objections to evidence, cited I. & St. L. R. R. Co. v. Estes, 96 Ill. 473; Sargeant v. Kellogg, 5 Gilm. 281; Gillespie v. Smith, 29 Ill. 478; King v.

C. D. & V. R. R. Co., 98 Ill. 377; City of Elgin v. Kimball, 90 Ill. 356; Driver v. Ford, 90 Ill. 599; Driggers v. Bell, 94 Ill. 225; Stone v. G. W. Oil Co., 41 Ill. 91; Roberts v. Graham, 6 Wal. 578.

Carriers of passengers are bound to use the utmost care and skill in the performance of such duty: Huelsenkamp v. Citizens R. R. Co., 37 Mo. 537; Johnson v. W. & St. Peter R. R. Co., 11 Minn. 296; Taylor v. Grand Trunk R. R. Co., 48 N. H. 304; Union Pacific R. R. Co. v. Hand, 7 Kan. 380; Brown v. N. Y. Cent. R. R. Co., 34 N. Y. 404; Jeffersonville R. R. Co. v. Hendricks, 26 Ind. 228.

WALL, P. J.   This was an action on the case to recover for injuries sustained by appellee while riding as a passenger upon appellant's railroad.   The car in which appellee was seated, was overturned, and the injuries complained of were thereby occasioned.   There was evidence tending to prove that at the point where the accident occurred the ties upon which the track was laid were old and rotten, and that the track was insecurely attached thereto.   There was evidence on the other hand tending to prove that the ties were in good condition, the track properly fastened, and that the accident resulted from a flaw in the rail which could not have been perceived or guarded against.

There was a substantial conflict in the testimony as to these points, and it was the province of the jury under the instruction of the court as to the law of the case to determine which was the true theory.   We shall express no opinion as to this matter and shall only add that the evidence was so conflicting as to render it essential that the law should be expounded accurately and clearly.   Where the instructions are conflicting or lacking in harmony, it is to be expected that the jury will adopt one set and exclude the other, or disregard both and apply their own views of the law to the facts as they find them.

The general rules of law applicable to the case are neither numerous nor abstruse, and counsel differ but little in their statement of them.

When the plaintiff showed that his injuries were caused by the overturning of the car, without fault upon his own part, he made out against the defendant company a *prima facie* case of negligence and placed upon them the burden of rebutting that presumption by proving that the accident resulted from a cause for which they were not responsible.

It is the duty of a railway company in transporting passengers to do all that human care, vigilance and foresight reasonably can consistently with the mode of conveyance and the practical operation of the road, in the matter of providing safe coaches, machinery, tracks and road-bed, and to keep the same in repair, but the carrier does not absolutely insure the passenger against injury, and while responsible for all injuries resulting from negligence, is not responsible for an accident resulting from a hidden defect in materials used for ties, rails, etc., if such defect could not by the exercise of such care, vigilance and foresight be detected. The foundation of liability is negligence, and where negligence is wanting, there is no liability, except of course where is there willful wrong. Shearman and Redfield on Negligence, Chapter XV. Fuller v. Talbot, 23 Ill. 357; P. C. & St. L. Ry. Co. v. Thompson, 56 Ill. 138.

At the instance of the plaintiff the court gave the following instruction:

"3.   Railroad companies who carry passengers for compensation or hire are bound to keep themselves informed as to the condition of their tracks, and to know whether they are in a fit condition for the safe passage of their trains over them; and if they neglect to do so they are answerable for all damages resulting from such neglects."

We think the rule is here stated too broadly, and that the jury would naturally regard it as tantamount to the proposition that the carrier is an insurer of the safety of his passenger. If the carrier is bound to keep informed and to know that his tracks are safe, then he is responsible for any failure in so doing. It is true in the latter clause his responsibility is based upon "neglect," but this does not obviate the objection. The jury might well understand from the proposition as a

St. L. C. R. R. Co. v. Moore.

whole that the carrier is bound in all cases, regardless of the amount of diligence exercised or the nature of the defect.

The court also gave the following instruction at the instance of the plaintiff:

4. "Although a railroad company may use wooden ties, such ties should be absolutely sound and roadworthy."

It is urged that this is a quotation from the opinion of the Supreme Court in the case last cited. We do not understand the court to lay down the rule that the carrier is more strictly bound in reference to the matter of ties, than any other, such as rails, wheels, etc. The expression referred to, if taken literally, would be quite inconsistent with the general rule that the carrier is only held for negligence, and is not bound for failing to discover a defect which could not be detected by the use of the highest care and vigilance. The expression should be considered and construed in connection with the context, and if so, there will be no want of harmony in the whole opinion. We do not, however, regard this fourth instruction, in view of the evidence, as so objectionable as to warrant a reversal for that cause alone, for the reason that it is apparent from the evidence, conflicting as it is, if the jury found the ties were rotten and worn out as urged by one set of witnesses, the defect was so plain and patent that the company would certainly be chargeable with it; and if they believed the other set of witnesses, there was no defect in this respect and the accident must have had some other cause. There was no pretense that there was any hidden weakness in the ties. This instruction, though technically imperfect, did no harm.

The third instruction, however, must have exercised an important influence upon the jury, and if they gave it the natural construction and followed it there was nothing for them to do but to assess the plaintiff's damages.

It is true that the instructions given at the instance of defendant laid down the law as favorably as could have been desired upon this point, but as we have already said instructions should not be conflicting.

Where an instruction on one side omits some necessary

qualification, it is sometimes held that the defect is cured by an instruction on the other side, so drawn as to supplement the first, and if it can be seen that the instructions as a series are harmonious in a substantial degree and taken as a whole present the law fairly, the judgment should not be disturbed for that cause; but after a careful consideration of the instructions in this case, in view of the evidence, we are constrained to say that the defendant must have been prejudiced unduly in this respect.

It is urged by appellant that the court erred in allowing plaintiff to testify to the loss of professional earnings, there being no allegation in the declaration under which such proof was relevant.

It is a sufficient answer to this point to say that the specific objection was not urged at the trial. Had it been, the court would doubtless have allowed an amendment, if necessary. I. & St. L. Ry. Co. v. Estes, 96 Ill. 473. Such an objection can not be made for the first time in this court.

It is also urged that the damages are excessive. The plaintiff by remitting a large part of the verdict conceded that the original finding was excessive. As the case must be reversed for another reason, and in view of the conflicting evidence as to the permanent nature of the injuries, we forbear to express an opinion on this point. The interval that will have elapsed before another trial may throw further light upon the subject, and the jury may have other proof before them; and any opinion we might entertain upon the record, as now made up, would be of but little value to the court and of none to the jury when the case is again tried.

There are other objections urged by appellant which we have attentively considered, but deem it not necessary to refer to them at this time.

For the error in giving the third instruction for plaintiff, the judgment is reversed and cause remanded.

Reversed and remanded.