## West Chicago Street Railroad Co. v. Mary Kennelly.

1. NEGLIGENCE—*Negative Proof.*—Where a passenger on a train, while exercising ordinary care for his own safety, is injured by the operation of the road, the burden of showing that the injury was not due to negligence is upon the defendant.

**Action for Personal Injuries.**—Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 29, 1896.

STATEMENT OF THE CASE.

This was an action by Mary Kennelly to recover damages for personal injury alleged to have been sustained by reason of the negligence of the West Chicago Street Railroad Company.

The declaration alleges that on the 19th day of May, 1894, the plaintiff became a passenger upon one of the defendant's cars, which ran through a certain tunnel under the Chicago river, commonly known as the Van Buren street tunnel; that the defendant negligently permitted the train upon which the plaintiff was a passenger to run rapidly down the incline in said tunnel, and then caused the train to be suddenly and violently stopped, in consequence of which the plaintiff was thrown with great force and violence against one of the seats of the car, thereby causing the injury complained of in this case.

At the trial the jury returned a verdict in favor of the plaintiff, and assessed her damages in the sum of $2,000. Judgment having been entered on this verdict, the defendant appeals.

West Chicago Street R. R. Co. v. Kennelly.

Egbert Jamieson and John A. Rose, attorneys for appellant.

Wing, Chadbourne & Leach, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

It is undisputed that appellee, being a passenger on appellant's train, was, while exercising ordinary care for her own safety, injured by the operation of appellant's road.

Such being the case, the burden of showing that the injury was not due to the negligence of appellant rested upon it. C., P. & St. L. Ry. Co. v. Thompson, 56 Ill. 138; St. Louis Coal R. R. Co. v. Moore, 14 Ill. App. 510; P. & W. R. R. Co. v. Reynolds, 88 Ill. 418; T. P. & W. R. R. Co. v. Convoy, 68 Ill. 560; Eagle Packing Co. v. Defries, 94 Ill. 598.

This, appellant undertook to do, with the result that the jury found against its contention, and that the trial judge approved the finding of the jury.

The question in this regard was not entirely whether the appliances which appellant had in use for stopping the car were the best, but whether appellant had done all that human vigilance could for the safety of appellee.

The damages awarded seem large for the injury shown.

It is questionable if the injuries plaintiff describes, the lameness and pain from which she says she suffers, are entirely attributable to the accident for which this suit was brought, or to the hurt she received from a fall on the sidewalk, for which she sued and obtained from the city $375, or to an assault committed upon her by a drunken fellow who bore her a grudge growing out of the ownership of a piece of property.

As to these matters the jury should and must be presumed to have taken them into consideration, while the judge before whom the cause was tried can not have failed to have noted the testimony in this regard, and to have given it due weight. Approved as the verdict was by him, the judgment, not being so large as to shock our sense of right, must be affirmed.