JOSEPHINE R. WOOD, widow of John W. Wood, deceased, *vs.* PHILADELPHIA, BALTIMORE AND WASHINGTON RAILROAD COMPANY, a corporation of the State of Delaware.

*Action by Widow for Death—Loss of Support—Record of Decree for Divorce Nisi—Evidence—Postal Clerk on Mail Car— Passenger—Carriers—Injury to Passengers— Negligence—Contributory Negligence—Evidence—Death—Presumption of Negligence—Action by Widow—Child not Considered—Separation as it bears on Case may be Considered.*

1.   In an action by widow for death of husband, the record and docket entries of an incomplete divorce proceeding, begun by the husband against his wife, disclosing that a decree *nisi* had been entered, but subsequently vacated, within a year thereafter, upon death of husband, are inadmissible to show that, at the time of husband's death, he was not rendering the plaintiff the support which in law he was bound to render her.

2.   In an action by widow for death of husband who had obtained a decree of divorce *nisi* but which after his death had been vacated, defendant may, in mitigation of damages, show that at the time of husband's death, or for a period of time prior thereto, he gave his wife limited support, or none at all.

3.   The jury are the sole judges of the effect and weight of tl evidence.

4.   The jury should disregard impressions formed from statements oı counsel and Court, in the discussion of questions of law, in the progress of the trial, and determine the issues of the case from the evidence, applying thereto the law, as declared by the Court in the charge.

5.   *Chap.* 31, *Vol.* 13, *Rev. Code* (1893) 788 as amended by *Chap.* 210, *Vol.* 22, *Laws of Delaware* 500, gives to a widow a right of action against one who by unlawful violence or negligence causes the death of her husband, for damages for the death and loss which she may have sustained.

6.   The plaintiff's right to recover in an action for death based on negligence depends upon the presence of negligence at the time of the injury, and upon whether the negligence, if any, was that of the defendant or of the deceased.

7.   Negligence defined to be the want of ordinary care—that is, the want of such care as a reasonably prudent and careful person would use under similar circumstances.

8. The term ordinary care, when applied to the management of railroad engines and cars and to the operation of railroad trains in transit, imports all the care which the peculiar circumstances of the place and occasion reasonably require.

9. The degree of care required in the management of railroad engines and cars will increase or diminish according as the ordinary liability to danger and accident, and to do injury to others, is increased or diminished in the movement and management of such engines, cars and trains.

10. The mere fact that a person is injured is not evidence that his injury resulted from negligence.

11. To recover for an injury alleged to have been the result of negligence, it is necessary for the plaintiff to show by a preponderance of the evidence that the negligence of the defendant caused the injury in the manner alleged.

12. The burden of proving negligence on the part of the defendant, rests upon the plaintiff.

13. A railway postal clerk of the Federal Government, in the performance of his official duties in the mail car of a passenger train of the defendant, by authority of a contractual relation between the government and the defendant for carrying the United States mail, is a passenger for hire.

14. Common carriers of passengers for hire are responsible for any negligence resulting in injury to them, they being under a public duty as well as contract to carry their passengers safely, as far as human care and forethought will reasonably admit.

15. Common carriers are required in the preparation, conduct and management of their means of conveyance of passengers to exercise every degree of care, diligence and skill which a reasonable man would use under such circumstances.

16. A common carrier is required to provide safe cars, machinery, tracks and roadways for the safety of its passengers, and in the movement of its trains, to use wise precaution and to exert high skill in protecting the passengers from the results of obstructions upon its tracks.

17. Where there is a collision of a train with a locomotive engine standing on the tracks of the railroad operated by the defendant, and death of a passenger results, the legal inference is that the death resulted from the negligence of the defendant, unless it be shown that death did not result from the negligence of the defendant, or that the accident could have been avoided by the exercise of ordinary care on the part of the deceased.

18. A common carrier is not liable for injury to a passenger, if, by the exercise of reasonable care, he could have escaped the injury; yet if his injury results in his death so that he cannot give testimony of his con-

duct, the law presumes, in the absence of direct testimony or rebutting circumstances, that he exercised due and reasonable care.

19.   A widow, living separate and apart from her husband at the time he was killed, suing to recover for his death, and limiting her claim for damages to loss of support, as a direct consequence, if entitled to a recovery, the amount of her damages should be based on what portion of husband's earnings or income she would probably have received from him, either voluntarily or by law, estimated upon the probable number of years the deceased would have lived, had he not been killed.

20.   In an action by widow to recover damages for death of husband, their child is not a factor in estimating her damages, and should not be considered by the jury.

21.   A widow suing to recover damages for the death of her husband, limiting her claim for damages to loss of his support, the fact of their separation prior to his death is to be considered as material only as it bears upon the question of loss of support.

Del. cases cited:—*Flinn vs. P., W. & B. R. R.*, 1 *Houst.* 469; *Betts vs. W. C. Ry. Co.*, 3 *Penn.* 448; *MacFeat's Adm'r. vs. P., W. & B. R. R. Co.*, 5 *Penn.* 52, 67, 68; *Martin vs. R. R. Co.*, 2 *Mar.* 123; *Cox vs. Ry. Co.*, 4 *Penn.* 162; and *Queen Anne's R. R. Co. vs. Reed*, 5 *Penn.* 226, 236.

(*May* 16, 1910.)

Judges CONRAD and WOOLLEY sitting.

*George L. Townsend, Jr.*, and *J. Harvey Whiteman* for plaintiff.

*Andrew C. Gray* and *John F. Neary* for defendant.

Superior Court, New Castle County, May Term, 1910.

SUMMONS CASE (No. 70, November Term, 1909), by widow to recover damages for death of husband.

At the trial, the defendant offered in evidence the record and docket entries of a proceeding in divorce, instituted in the Superior Court for New Castle County, by John W. Wood against Josephine R. Wood, his wife, the plaintiff, which showed that a

decree *nisi* had been entered, and the grounds upon which the proceeding was instituted. The record and entries further showed that after the death of John W. Wood, and before the expiration of one year from the entry of the decree *nisi*, the said decree was, on motion of his wife, vacated and set aside.

The admission of this evidence was objected to by the plaintiff.

WOOLLEY, J., delivering the opinion of the Court:

As the plaintiff has instituted this action to recover for the loss occasioned her, as the widow of John W. Wood, by the death of her husband, but in the trial has limited her claim to damages for the loss, present and prospective, of her husband's support, which she was receiving at the time of his death or to which, under the law, she was entitled, as his wife, to receive from him, we are of opinion that, by proper evidence and in mitigation of damages, the defendant may show the extent of that loss by showing the extent of the support which she was receiving or which she was entitled to receive.

In mitigation of damages, and to show that the losses occasioned the plaintiff by the death of her husband, are less than what she claims, the defendant has offered in evidence the docket entries of a proceeding in divorce instituted in this Court by John W. Wood against Josephine R. Wood, his wife, who is the plaintiff in this action.

Without discussing the nature of those proceedings, it is sufficient to say, that the docket entries show the grounds upon which the divorce was sought, that the proceedings had not reached a final adjudication at the time of the petitioner's death, and that the marriage ties between the petitioner and his wife were not thereby dissolved.

In support of this tender, the case of *Prettyman vs. Williamson*, 1 *Penn.* 224, is cited to us, in which a certified copy of a legislative act of divorce was admitted in mitigation of damages. But the Prettyman case is readily distinguishable from the case at bar, in that the former was an action by a husband for the

alienation of his wife's affections, and the divorce act when intro-
duced, was admitted in evidence without objection to show that
the husband did not resist the proceeding when instituted against
him by the wife, and therefore the loss of her affections could
not have been held by him to have been very considerable, while
in the case at bar the plaintiff is not suing for the loss of her
husband's affections but for the loss of the support which as her
husband he afforded her or was bound to give her, and any
bearing that the divorce proceeding against the plaintiff in this
case may have upon the happiness of their marital relations, is
outside of the issues and proves nothing as to the loss of support
sued for, or the lack or the extent of support which her hus-
band gave her. The cases are further distinguishable, in that
the evidence admitted in the former case was a completed act
of divorce, dissolving the ties of matrimony previously existing,
while the evidence here tendered, shows an incomplete proceed-
ing in divorce, not dissolving the ties previously existing, and if
admitted, would present for trial in this case the collateral issue,
impossible of certain determination, as to what would have been
the final outcome of the proceeding, and that issue would have to
be here tried, for the benefit of the defendant, when the mouth
of the plaintiff as a party in the divorce proceeding is closed
by death and his wishes and feelings unknown.

It is our opinion that in any event it would be improper to
introduce in evidence simply the docket entries of the divorce
proceeding, for if the proceeding is proper evidence at all, or has
any evidential value upon the issues in the case, the record should
be introduced. This record includes the petition which, like the
docket entries, discloses the grounds upon which the proceeding
was brought, being the *ex parte* statements of the petitioner, and
unless he were here to testify and be cross-examined as to their
truth, it is patent that they should not be presented to this jury
or that this jury should not be influence by their nature.

These grounds or causes for divorce are as foreign to this case,
as it is possible for one action at law to be distant from another,

and the issues therein presented should be excluded from the trial of the issues of this case.

We think that neither the docket entries nor the record of the incomplete proceeding in divorce, constitute evidence competent to show that at the time of the husband's death, he was not rendering her the support which she is claiming in this case or which in law he was bound to render her. We are of opinion that the defendant, by proper evidence, may show that at the time of the husband's death, or for a period of time prior thereto, he gave his wife limited support or none at all, but we do not think that can be shown by either the entries or the record of the divorce proceeding, especially as that part of the record which the defendant particularly urges should be shown to the jury, is shown by the very entries themselves to have been vacated. In our judgment it is impossible to put in evidence something that was, but is not now. The objection is sustained.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—The Court in declining to give you binding instructions to bring in a verdict for the defendant, or to bring in a verdict for six cents damages for the plaintiff, under the evidence in this case, will not discuss the reasons for that declination.

This is an action brought by Josephine R. Wood, the widow of John W. Wood, for the recovery of damages for the death of her husband, alleged to have been caused by the negligence of the defendant.

The plaintiff claims that at the time of the death of her husband, the defendant was a common carrier of freight and passengers under contract with the United States Government to carry mail over the railroad operated by it between the City of Philadelphia in the State of Pennsylvania and the town of Delmar in the State of Delaware, and that her husband was a railway postal clerk, appointed by and in the employ of the postal service or Post Office Department of the Federal Government, and was

Charge.

assigned to the duty of collecting and distributing mail upon a route that embraced the railroad of the defendant within the terminals mentioned, and that while her husband, in the performance of his official duties was lawfully upon one of the defendant's mail and passenger trains, the defendant so negligently and carelessly managed its operation, that it came into collision with a locomotive engine, and caused his death,

In support of this general averment of negligence, the representations of the plaintiff, when summarized, appear to be, that by authority of the Government and because of his position as a railway postal clerk, her husband John W. Wood, was in the mail car of the passenger train of this defendant, known as the Norfolk Express southbound from Philadelphia and due to arrive at Delmar at two fifty-one o'clock on the morning of the twenty-second day of February, 1909.

That in approaching the town of Delmar, a signal known as D. A. Block and located about a mile north of the station at Delmar, was set "clear," which indicated that the track was clear and that the train had the right of way. That the train proceeded to the next signal, which is known as the Switchbox signal, located about five hundred yards north of the station at Delmar and which controls the track thence to the station. That this signal likewise showed "clear," and the train proceeded to a point within about two hundred and fifty yards of the station when it ran into and collided with the rear of a locomotive engine standing upon the same track, resulting in the wreck of the baggage and mail cars of the train. That the mail car in which was the plaintiff's husband, was set on fire and consumed, and that her husband was killed and burned.

It is further claimed that the switchman at the Switchbox signal gave notice of the approach of the train to the office of the yardmaster of the defendant at Delmar, and receiving from him no order to stop the train, permitted it to proceed in pursuance of an alleged rule of the defendant that passenger trains, unless ordered to be stopped by signal, have a clear track and the right of way. That the yardmaster at that time had the sole authority

to control the approach of the said train and to direct and control the movements of all engines and trains in and about the yard at Delmar.

That being clothed with this authority, he ordered two engines of the New York, Philadelphia and Norfolk Railroad Company out of the switch and on to this southbound track of the defendant's road, in preparation for a change of engines when the train arrived. That these two engines stopped at the point of the subsequent collision, north of the Delmar station, because there was another train on the same track, at the station south of them. That this train moved out of the station southbound three minutes before the Norfolk Express struck the rear one of the two engines and that within that time the two engines were not moved out of the way of the oncoming train.

The defendant pleads that it is not guilty of the negligence imputed to it and claims in bar of the action, that the point at which the two engines of the New York, Philadelphia and Norfolk Railroad Company were to connect with the train after it had reached the Delmar Station was south of the station, that the failure of the two engines to be moved from the point at which they stopped, awaiting the clearing of the track by the departure of the train at the station south of them, during the three minutes that elapsed between the departure of that train and the collision by the train from the north, was the failure and the fault of the servants and employees of the New York, Philadelphia and Norfolk Railroad Company, and not of this defendant, and if negligence exists it should be imputed to the New York, Philadelphia and Norfolk Railroad Company and not to the Philadelphia, Baltimore and Washington Railroad Company.

The defendant further claims, in mitigation of damages, that at the time of the death of John W. Wood, the plaintiff was living separate and apart from her husband, receiving from him neither support nor the benefit of his society.

With the evidence from which this very general statement of the case is deduced, you are familiar; of the effect and weight of that evidence, you are the sole judges; and upon that evidence,

to the exclusion of impressions that may have been formed from the statements of counsel and the Court in the discussion of questions of law, you are to determine the issues of this case by applying to them the law which the Court will now declare to you.

The statute under which the plaintiff is proceeding in this case, gives to a widow a right of action against one who by unlawful violence or negligence causes the death of her husband, and confers upon her a remedy whereby she may recover damages for the death and loss she may thus sustain. (*Chap.* 31, *Vol.* 13, *Laws of Delaware; Chap.* 210, *Vol.* 22, *Laws of Delaware.*) The action, therefore, is based on negligence, and the plaintiff's right to recover depends upon the presence of negligence at the time of the injury, and upon whether the negligence, if present, was that of the defendant or of her husband.

Negligence has been defined to be the want of ordinary care, that is, the want of such care as a reasonably prudent and careful man would use under similar circumstances. The term ordinary care, when applied to the management of railroad engines and cars and to the operation of railroad trains in transit, imports all the care which the peculiar circumstances of the place and occasion reasonably require, and this will increase or diminish according as the ordinary liability to danger and accident; and to do injury to others, is increased or diminished in the movement and management of such engines, cars and trains.

The mere fact that a person is injured is not evidence that his injury resulted from negligence, either of the defendant or of himself. To recover for such injury, it is necessary for the plaintiff to show to your satisfaction by a preponderance of the evidence, that the negligence of the defendant caused the injury in the manner alleged. The burden of proving such negligence rests upon the plaintiff, and the manner of proving it is controlled by the law applicable to different cases.

It is admitted that at the time of the injury the defendant company was a common carrier of freight and passengers for hire. If you should find that John W. Wood, the husband of the plaintiff, at the time of his death, was on a train, which as a

24 Del.] WOOD vs. P., B. & W. R. R. 345

Charge.

common carrier, was operated by the defendant, and that he was there as a postal clerk in the service of the Government of the United States, and by authority of a contractual relation between the Government and the defendant for carrying the United States mail, then John W. Wood was a passenger on the train of the defendant within the legal meaning of that term.

*Seybolt vs. N. Y., Lake Erie & Western R. R.,* 95 *N. Y.* 562; *Arrowsmith vs. N. & D. R. R. Co.,* 57 *Fed.* 165; *G. C. & F. S. R. R. Co. vs. Wilson,* 11 *L. R. A.* 486; *Brewer vs. N. Y., Lake Erie & Western R. R. Co.,* 11 *L. R. A.* 483; *C. C. C., St. L. R. R. Co. vs. Ketcham,* 19 *L. R. A.* 339; *Ill. R. R. Co. vs. Crudup,* 63 *Miss.* 291 (302); *C. & O. R. R. Co. vs. Patton,* 23 *App. Cas. (D. C.)* 113; *Flinn vs. P., W. & B. R. R.,* 1 *Houst.* 469; *Sec.* 4000 *Rev. St. of U. S.*

The law exacts great care, diligence and skill from those to whose charge as common carriers passengers are committed. Common carriers of passengers are responsible for any negligence, resulting in injury to them, and are required in the preparation, conduct and management of their means of conveyance, to exercise every degree of care, diligence and skill which a reasonable man would use under such circumstances. This obligation is imposed on them as a public duty; and by their contract, to carry safely, as far as human care and forethought will reasonably admit.

*Flinn vs. P., W. & B. R. R. Co.,* 1 *Houst.* 469; *Betts vs. W. C. Ry. Co.,* 3 *Penn.* 448; *Mac Feat's Adm. vs. P., W. & B. R. R. Co.,* 5 *Penn.* 52, 67, 68.

It is the duty of a common carrier to provide safe cars, machinery, tracks and roadways for the safety of its passengers, and in the movement of its trains, to use wise precaution and to exert high skill in protecting them from the results of obstructions upon its tracks. If a common carrier is negligent in any of these respects and injury thereby results to a passenger lawfully upon its train, then, unless it appears that the passenger in some way contributed to his injury, the common carrier is liable.

With this statement of the law which controls the relation of

a common carrier with its passengers, the Court say to you, that if you believe from the evidence, that the plaintiff's husband was a postal clerk, mail clerk or route agent, lawfully on a train operated by the defendant as alleged, and while being carried thereon, was killed by a collision of the train with a locomotive engine standing on the tracks of the railroad operated by the defendant, then the legal inference is that the injury resulted from the negligence of the defendant, and the plaintiff is entitled to recover, unless the defendant shows that such death did not result from its negligence, or that the accident could have been avoided by the exercise of ordinary care on the part of the plaintiff's husband.    (*Christie vs. Griggs*, 2 *Campbell* 79; *Skinner vs. The L. B. & S. C. Ry. Co.*,5 *Exc.* 786; *S. C.*, 2 *Eng. Law & Eq.* 360; *Carpus vs. L. & B. Ry. Co.*, 48 *E. C. L.* 748; *Dawson vs. M. S. & L. Ry. Co.*, 7 *H. & N.* 1037; *Scott vs. London & St. Catharine Dock Co.*, 3 *H. & C.* 596; *Stokes vs. Saltonstall*, 13 *Pet.* 181; *R. R. Co. vs. Pollard*, 22 *Wall.* 341; *Gleason vs. Va. & Midlan R. R. Co.* 140 *U. S.* 435; *Inland & Seaboard Coasting Co. vs. Toulson*, 139 *U. S.* 551; *Carter vs. Kansas City Cable Ry. Co.* 42 *Fed.* 37; *N Balto. Passenger Ry. Co. vs. Haskell*, 78 *Md.* 517; *Edgerton vs. N. Y. & Harlem R. R. Co.*, 39 *N. Y.* 227; *Clow vs. Pittsburg Trac. Co.*, 158 *Pa. St.* 410; *Sullivan vs. P. & R. R. R.*, 30 *Pa. St.* 234; *Laing v. Cohler, et al.*, 8 *Barr.* 479; *P. & R. R. R. Co. vs. Anderson*, 94 *Pa. St.* 351; *D. L. R. R. Co. vs. Napheys*, 90 *Pa. St.* 135; *Feitel vs. Middlesex R. R.*, 109 *Mass.* 398; *Smith vs. St. Paul R. R. Co.*, 32 *Minn.* 1; *Eagle Packet Co. vs. Defries*, 94 *Ill.* 598; *P. C. & St. L. R. R. Co. vs. Thompson*, 56 *Ill.* 138; *N. Chicago R. R. Co. vs. Cotton*, 140 *Ill.* 486; *Stevens vs. E. & N. A. Ry. Co.*, 66 *Me.* 74; *Boyce vs. California Stage Co.*, 25 *Cal.* 460; *Morgan vs. C. & O. R. R. Co.*, 127 *Ky.* 433; *B. & O. R. R. Co. vs. Wightman's Adm.*, 29 *Grat.* 431; *D. S. P. & P. R. R. Co. vs. Woodward*, 4 *Colo.* 1; *Central R. R. vs. Anderson*, 93 *Ga.*, 513; *Peterson vs. Seattle Traction Co.*, 23 *Wash.* 615; *S. C.*, 63 *Pac. Rep.* 539; *S. C.* 65 *Pac. Rep.* 543). Or, to state the law with more particularity, if you believe from the evidence, that the plaintiff's husband was a postal clerk, mail clerk or route agent, lawfully upon a train operated by the

defendant as alleged, and while being carried thereon, was killed by reason of a collision of the train with a locomotive engine, placed upon the track of the defendant at the direction of its agents and servants, or permitted by its agents and servants to remain upon its track in the way of the train, and while he was himself using all reasonable care and caution to avoid injury, as charged in the declaration, then these facts make for the plaintiff a *prima facie* case of neglect against the defendant, and the burden is then on the defendant to prove that it, by its agents and servants, did use all reasonable and practicable care and precaution to avoid the collision and prevent the injury.

A common carrier of passengers, however, is liable for injuries to the latter only in case of the carrier's negligence, and not when the passenger could have escaped the injury by the use of such care on his part as a reasonably careful man would take of himself under like circumstances. When, however, the injury to the passenger results in his death, and therefore he can give no testimony of his conduct on the occasion of the injury, the law presumes, in the absence of direct testimony or rebutting circumstances, that he exercised reasonable and ordinary care, and that if negligence, in fact, existed on his part, it must be shown by positive evidence, or from the attending circumstances of the accident. (*Martin vs. R. R. Co.*, 2 *Mar.* 123; *Cox vs. Ry. Co.*, 4 *Penn.* 162; *MacFeat's Adm. vs. R. R. Co.*, 5 *Penn.* 52, 68; *Queen Anne's R. R. Co., vs. Reed*, 5 *Penn.* 226, 236.)

If you believe that the greater weight of the evidence does not show that the negligence of the defendant was the proximate cause of the death of the plaintiff's husband, or if you believe from the evidence, that the negligence of John W. Wood himself contributed to his death, your verdict should be for the defendant.

If you believe from the evidence that the plaintiff's husband was killed in the manner alleged, and by reason of the negligence of the defendant or of its servants and agents, within the meaning of the law as the Court has stated to you, and while he was in the exercise of due care and caution on his part, then your verdict should be for the plaintiff.

Verdict

As the plaintiff, during the trial of this case, has expressly limited her claim for damages to the loss of the support which she would have received, or which by law she could have enforced from her husband, had he lived, we instruct you, that if you should find for the plaintiff, in estimating her damages, you are not to be governed by what would probably have been the gross earnings or income of the deceased, but by what portion of the gross earnings or income the plaintiff would probably have received from the deceased as his wife, if he had lived, and you should base the estimate of her damages upon the number of years the deceased would probably have lived, had he not been killed, and render a verdict for such pecuniary damages as you may find that as his widow, she has suffered or will suffer as a direct consequence of her husband's death in the loss of her husband's support, either voluntarily given or legally enforceable.

(After the jury had retired to their room they sent the following communication to the Court:—"Will the Court inform the jury if the plaintiff's child is to be considered in any way in this case? Also inform the jury if the matter of separation of the plaintiff from her husband is to be considered in this case, in making up a verdict?" Thereupon they were brought back into the Court room and further instructed as follows):

WOOLLEY, J., charging the jury:—We are asked by you "whether the plaintiff's child is to be considered in any way in this case." Our answer is that if you should find for the plaintiff, you should estimate her losses as a widow, under the law which the Court has declared to you, and the child is not a factor in the case and should not be considered.

We are also asked to inform you "if the matter of separation of the plaintiff from her husband is to be considered in this case in making up a verdict." Our answer is that the matter of the separation of the husband and wife is not an ingredient of damage in this case, as the plaintiff is not claiming damages for the loss of her husband's society, but the evidence upon the matter of separation is material only as it bears upon the loss of support as claimed by her.

Verdict for plaintiff for $2,000.