AND IN THE

## SUPERIOR COURT, COURT OF OYER AND TERMINER AND COURT OF GENERAL SESSIONS

OF

## DELAWARE,

BEGINNING APRIL, 1917.

---

IN THE MATTER OF PETITION OF JAMES P. JONES, TO VACATE AND SET ASIDE JUDGMENT.

1. DIVORCE—DECREE NISI—PRIOR ORDER IN NONSUPPORT PROCEEDING.

Prior order, in a nonsupport proceeding, for support of wife by husband, is not annulled by decree *nisi* for the husband in a subsequent divorce proceeding, in which the powers of the court to compel support are not exercised.

2. DIVORCE—DECREE NISI—PRIOR ORDER IN NONSUPPORT PROCEEDING.

Prior order, in a nonsupport proceeding, for support of wife by a husband, is not satisfied by a decree *nisi* for the husband in a subsequent divorce proceeding; such decree being subject to recall within a year.

(*October* 16, 1917.)

Judges CONRAD and HEISEL sitting.

*Daniel O. Hastings* for petitioner.

*David J. Reinhardt*, Attorney General, *contra*.

Superior Court, New Castle County, September Term, 1917. Rule, No. 461, May Term, 1916.

PETITION by James P. Jones for a rule to show cause why the judgment entered on the bond of Delray C. Brown, with the petitioner as surety, executed on the order of the Court of General

Sessions in a nonsupport proceeding against Brown, should not be vacated and set aside. Rule issued, and on hearing it was dismissed.

November 3, 1912, Delray C. Brown, one of the defendants in the judgment in question, was ordered by the Court of General Sessions to pay to his wife, Martha V. Brown, for her support, ten dollars a month and to give bond with security to the State of Delaware to secure said payments. This bond was given with the other defendant, James P. Jones, as surety.

Subsequent to the order requiring Brown to make the payments to his wife, he brought an action for divorce against her on the ground of desertion, in which a decree *nisi* was granted June 14, 1915. Brown refusing to make the monthly payments to his wife after the date of the decree *nisi*, judgment was entered in this court upon said bond on June 10, 1916; and it is this judgment that one of the defendants, the said James P. Jones, prays may be vacated and set aside.

The condition of the bond upon which the judgment was entered provided that the defendant Brown pay to his wife, Martha V. Brown, ten dollars per month until otherwise ordered by the said court. That is, the order provided for the payment so long as Mrs. Brown continued to be the wife of Mr. Brown, unless the Court of General Sessions otherwise ordered. There has been no subsequent order of the Court of General Sessions touching this matter, nor was any mention made in the decree *nisi* in the divorce case concerning it.

It is contended by counsel for defendants that upon the entry of the decree *nisi* in the divorce action in this court, the prior order of the Court of General Sessions is either annulled or satisfied, notwithstanding no order for alimony or support was made by this court in the divorce proceeding.

He claims that this court having jurisdiction of the same parties in the divorce proceeding, and the authority to make a decree providing for support and maintenance of the wife should it see fit so to do, whether such provision is made or not, when the decree *nisi* is entered, the prior order for support was thereby superseded or annulled.

HEISEL, J., after stating the facts, delivering the opinion of the court:

[1] While the divorce laws of this state give the court ample authority to compel the husband to support the wife pending the divorce proceeding, and also provide for the division of their property between them by the court, unless the powers therein conferred upon the court are exercised by it, we are of opinion that prior orders by courts for the support of the wife by the husband are not annulled by a decree *nisi* in a subsequent divorce proceeding.

[2] Nor can we support the contention of counsel for defendants, that the order of the Court of General Sessions was satisfied by the entry of the decree *nisi* in the divorce proceeding.

A decree *nisi* in divorce, in this state, is nothing more than a pronouncement by the court that at the expiration of one year from that day a decree granting the divorce will be entered upon application by the plaintiff, "unless appealed from or proceedings for review are pending, or the court before the expiration of said period for sufficient cause, upon its own motion, or upon the application of any party, whether interested or not, otherwise orders." So that the court may for any cause by it deemed sufficient, before the expiration of the year, recall its pronouncement and the parties would be in the same position as though no action had been brought.

In *Wood v. P., B. & W. R. R.*, 1 *Boyce*, 336, 76 *Atl.* 613, the court said:

"Divorce proceedings have not reached a final adjudication until the signing of the final decree."

We are therefore of opinion that the order of the Court of General Sessions is in full force and effect to the date of the signing of the final decree; and it appearing that the payments have not been made up to that time, the rule to show cause why the judgment should not be vacated is dismissed.