### ROSE A. O'CONNOR, RESPONDENT, v. SAMUEL ADEKMAN, APPELLANT.

Submitted July 11, 1921—Decided November 14, 1921.

Where the plaintiff seeks to recover damages for injuries sustained by her in a collision between a jitney bus in which she was a passenger and an auto delivery truck at the intersection of public highways, and makes the owner of each vehicle, they being wholly independent of each other, parties defendant in a single action, it being an open question as to which automobile caused the injury, it was error for the court to charge that "all that is necessary for her to do is to prove the collision and her injuries, because a collision is *prima facie* proof of negligence on the part of both defendants."

On appeal from the Essex County Circuit Court.

For the respondent, *James R. Nugent.*

For the appellant, *John W. McGeehan.*

The opinion of the court was delivered by

ACKERSON, J. This is an appeal by Samuel Adekman. one of two defendants against both of whom a judgment was recovered by plaintiff in the Essex County Circuit Court. The case grows out of a collision between a jitney bus and an automobile delivery truck at the southeast corner of Sixteenth street and South Orange avenue, in the city of Newark.

Plaintiff was a passenger in the jitney bus owned and driven by the defendant Adekman, which was proceeding eastwardly along South Orange avenue at its intersection with Sixteenth street, and which collided with an auto delivery truck belonging to the other defendant Meyer Buch & Company, which was turning into South Orange avenue from Sixteenth street to go easterly, as the result of which collision plaintiff sustained injuries. The complaint charged both of the defendants with negligence, and the defence interposed by each was a denial of negligence on his part and the assertion that the collision was due entirely to the negligence of the other defendant. The verdict and judgment were against both defendants, but only the defendant Adekman appeals.

There are four grounds of appeal, but appellant in his brief relies principally upon the third, which is that the court erroneously charged the jury, as specifically requested by the plaintiff, the following: "The plaintiff, being a passenger on a public vehicle for hire, she was entitled to a high degree of care on the part of the driver of the vehicle. All that is necessary for her to do is to prove the collision and her injuries, because a collision is *prima facie* proof of negligence on the part of both defendants."

The difficulty with this instruction arises from the manner in which the court attempts to apply the maxim of *res ipsa loquitur* to the facts of the case by raising a presumption of negligence on the part of both defendants, thus tending to establish a joint liability for the collision. It is of course well settled that when through any instrumentality or agency under the management or control of a defendant or his servants, there is an occurrence injurious to the plaintiff, which, in the ordinary course of things, would not take place if the person in control were exercising due care, the occurrence itself, in the absence of explanation by the defendant, affords *prima facie* evidence that there was want of due care—*res ipsa loquitur*. *Mumma* v. *Easton and Amboy Railroad Co.*, 73 N. J. L. 653, 658; *Paynter* v. *Bridgeton, &c., Traction Co.*, 67 Id. 619. It is therefore evident that the bed rock of the prin-

ciple of presumption of negligence arising from the fact of injury is that of probabilities—whether the accident is one which in the ordinary course of events would not have happened if proper care had been used by the person having charge of the instrumentality which caused the injury. A collision between two automobiles in a public street would probably not happen unless the driver of one or the other was negligent, but experience shows us that ordinarily such an accident is not the result of negligence on the part of both drivers so as to raise, without further proof than the fact of the collision, a presumption of negligence on the part of the driver of each vehicle. Automobiles upon the highways are not confined to a fixed line of travel as in the case of railroad trains and trolley cars, but their direction and course are subject to the will of their operators, and with the freedom of action thus afforded to avoid possible collisions, the probability of concurrent negligence on the part of the operator of each vehicle becomes more remote, for experience shows us that under such circumstances it is usually one driver or the other who is responsible for the collision and not both of them.

A fatal weakness in plaintiff's position under this instruction is that she assumes as a fact that the instrumentalities of both defendants caused the injury, whereas the proofs show that it was an open question as to which caused the injury, and, of course, under such circumstances, there could be no presumption of negligence on the part of both defendants.

Plaintiff, in support of the soundness of the proposition under consideration, cites *Shay* v. *Camden and Suburban Railway Co.*, 66 *N. J. L.* 334; *Bergen County Traction Co.* v. *Demarest*, 62 *Id.* 755; *Wood* v. *Philadelphia, &c., Railroad Co.* (*Delaware Supreme Court*), 76 *Atl. Rep.* 613; *Parrent* v. *Rhode Island* (*R. I.*), 72 *Id.* 865; *Enos* v. *Rhode Island* (*R. I.*), 67 *Id.* 5, and *Parker* v. *Boston, &c., Railroad Co.* (*Vt.*), 79 *Id.* 865, but in each of these cases the suit was against a single defendant and the precise question here presented was not directly raised.

The case of *Shay* v. *Camden and Suburban Railway Co., supra,* grew out of a collision between a trolley car and a wagon in a public street, and was instituted by a passenger in the trolley car against the trolley company alone for damages resulting from her injuries sustained in the collision, and there is nothing in the *per curiam* opinion in that case to throw any light on the manner in which the collision occurred or to show but that the trolley car was the sole instrumentality causing the collision.

Where, as in the case *sub judice,* the plaintiff seeks to recover damages for injuries sustained by her in a collision between a jitney bus in which she was a passenger and an auto delivery truck at the intersection of public highways, and makes the owner of each vehicle a party defendant, in a single action, they having no other connection with each other, and it being an open question as to which defendant had charge of the instrumentality which caused the injury, it was error for the court at the time to charge that "all that is necessary for her to do is to prove the collision and her injuries because a collision is *prima facie* proof of negligence on the part of both defendants.".

The result thus reached makes it unnecessary for us to discuss the remaining three grounds of appeal, further than to say that we have considered them all and find them to be without merit.

The judgment is reversed and a new trial ordered.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.   14.