LOUISE RIEDEL *vs.* THE WILMINGTON CITY RAILWAY COMPANY, a corporation of the State of Delaware.

*Case—Personal Injuries—Pleading—Demurrer ; Insufficiency of—Negligence.*

In an action for personal injuries the declaration of the plaintiff contained the general averment that the defendant Company was moving the car negligently and carelessly, etc. *Held* insufficient, and within the ruling of the Court in the case of *King vs. The Wilmington and New Castle Electeic Railway Company.*

(*March 15, 1905.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Samuel Isenschmid* for plaintiff.

*Walter H. Hayes* for defendant.

Superior Court, New Castle County, February Term, 1905.

ACTION ON THE CASE (No. 60, November Term, 1904), to recover damages for personal injuries alleged to have been occasioned by the negligence of the defendant company.

Demurrer.

The declaration contained six counts, the first four of which were demurred to. The negligence alleged in said counts was as follows:

The first count after alleging that the defendant, at the time of the alleged injuries, on September 12, 1904, was a corporation of Delaware, owning and operating a street railway within the city of Wilmington, that the plaintiff was a passenger of the defendant company, and also the duty of the defendant to safely transport her to her destination, further alleged as follows: "yet, the said defendant, not regarding its duty in that behalf, did not use due and proper care that the said Louise Riedel should be safely and securely carried by the said street car of the said defendant on said journey and safely landed at her destination on the line of the said defendant's street railway, but wholly failed and neglected so to do, and by reason thereof afterwards, to wit, on the day and year aforesaid, whilst the said Louise Riedel as such passenger as aforesaid, of the said defendant, was upon one of the street cars of the said defendant, in the exercise of due care, she, the said Louise Riedel, by and through the negligence and carelessness of the said defendant in the conduct and management of its business and in the movement, management and control of its said street car, was violently hurled and thrown to the ground while alighting from the said street car of the said defendant at the city of Wilmington aforesaid, and greatly hurt, shocked, cut, bruised, wounded and injured, and by reason thereof became sick, sore, lame, crippled, disfigured and disordered, and so remains and continues, and suffered great pain for a long space of time, to wit, hitherto,—and also by means whereof the said plaintiff hath been forced and obliged to pay, lay out and

expend, and hath paid, laid out and expended divers large sums of money in the whole amounting to the sum of one thousand dollars, in and about procuring medical attendance and medicines for and in endeavoring to become healed and cured of the said shocks, cuts, bruisès, wounds, injuries, sickness, soreness, lameness and disorders so as. aforesaid received by and through the negligence and careless-ness of the said defendant, and also whereby the said Louise Riedel hath become permanently disabled from pursuing and following her usual work, occupation and business,—wherefore the said plain-tiff says that she is injured and has sustained damage to the amount of ten thousand dollars."

The allegation in the second count as to negligence was as fol-lows : " that by and through the negligence and carelessness of the said defendant, she, the said Louise Riedel, on the day and year aforesaid, at New Castle County aforesaid, was thrown to the street or ground while alighting from the said street car of the said de-fendant, to wit, on said West Front Street, at or near its intersec-tion with Harrison Street in the said city of Wilmington, and badly cut, bruised, wounded and injured, and by reason thereof became sick, sore, lame and disordered, and suffered great pain for a long space of time," etc.

The allegation of negligence in the third count was as follows : " and the said Louise Riedel was then and there a passenger of the said defendant upon one of the street cars of the said defendant, which said street car was then and there negligently and carelessly operated by the said defendant, to wit, on the 12th day of September, A. D. 1904, so that she, the said Louise Riedel, by and through the negligence and carelessness of the said defendant in the move-ment, management and control of the said street car upon which she, the said Louise Riedel, was then and there a passenger, in the exer-cise of due care and caution on her part,—was violently cast or thrown down to and upon the street or ground at a point, to wit, on West Front Street at or near its intersection with Harrison Street in the city of Wilmington, County of New Castle and State of Delaware, while in the exercise of due care and caution on her part

in stepping from or endeavoring to alight from the said street car of the said defendant, then and there being negligently and carelessly moved and operated by the said defendant, and by means of the premises the said Louise Riedel was then and there greatly stunned, shocked, cut, bruised, wounded and injured," etc.

The allegation of negligence in the fourth count was as follow; " and the plaintiff avers that on the day and year aforesaid * * * * * through and by the negligence and carelessness of the said defendant in the operation of its said street railway and in the movement, management and control of a certain street car then and there operated by the said defendant upon which the said Louise Riedel was then and there a passenger, was thrown or cast from the said street car and so badly cut, bruised, wounded and injured thereby that she became sick, sore, lame and disordered, and so remains and continues, and suffered great pain for a long space of time, to wit, hitherto," etc.

## CAUSE OF DEMURRER.

" That the defendant is not informed by said first, second, third and fourth counts, or by any of them, upon what specific negligent act or omission the plaintiff relies for her right of recovery in this cause."

Counsel for defendant cited as the leading case in Delaware, upon which he relied, that of *King vs. Wilmington and New Castle Electric Railway Company, 1 Pennewill, 452.* Other Delaware cases cited on demurrer as to sufficiency of declaration were *Clark vs. Diamond State Steel Company, 2 Pnnnewill, 522 ; Donohoe vs. Wilmington City Railway Company, 4 Pennewill, 55 ; Jones vs. Peoples Railway, 4 Pennewill, 201 ; Newton vs. Peoples Railway, 4 Pennewill, 350.*

Counsel for defendant admitted that the second and fourth counts were bad, but contended that the first and third counts were good.

LORE, C. J.:—The Court have considered this demurrer. In

the third count the plaintiff alleges that the car was moving, but the declaration fails to allege that that was the cause of the injury to the plaintiff. It is a general averment that the defendant company was moving the car negligently and carelessly. Therefore it comes within the ruling in the case of *King vs. The Wilmington and New Castle Electric Railway*. We sustain the demurrer to the first and third counts. Plaintiff's counsel admits that the second and fourth counts are bad. Therefore the demurrer is sustained as to all of the four counts.

Demurrer sustained.