JESSE M. REDDING *vs.* WILMINGTON AND PHILADELPHIA TRACTION COMPANY, a corporation of the State of Delaware.

CARRIERS—PASSENGER'S COMPLAINT FOR INJURIES WHEN CAR LEFT TRACK
INSUFFICIENT AS NOT SPECIFYING CAUSE.
    First count of passenger's complaint against street railroad, alleging that he was sitting close to the rear of the car, using due care, when, through the negligence of the road, car ran off track and street and into stump of a tree, by reason of which passenger was thrown out of his seat, across the aisle, and against a seat on the other side, *held* demurrable as not specifying any act of negligence causing the car to leave the track.

(*January* 14, 1920.)

CONRAD and HEISEL, J. J., sitting.
*L. Irving Handy* for plaintiff.
*Herbert H. Ward, Jr.*, (of *Ward, Gray and Neary*) for defendant.
Superior Court for New Castle County, January Term, 1920.

SUMMONS CASE, No. 112, November Term, 1919.
Action by Jesse M. Redding against Wilmington and Philadelphia Traction Company to recover damages for alleged personal injuries. On demurrer to first count of declaration. Demurrer sustained.

It is averred in the first count of the declaration:

"* * * That the said Jesse M. Redding was a passenger for hire on one of the trolley cars operated by the said defendant and was sitting close to the rear of said car which was coming north through," etc., and "was using due care and caution on his part when through the negligence of the said defendant the said trolley car then and there ran off of the metal track on which it was operated and left the metal track and the street and ran into a stump of a tree which was alongside of the street in a park. * * * That by reason of the negligence aforesaid, the said Jesse M. Redding was thrown out of his seat and across the aisle of the car and was thrown against the seat on the right-hand side of the car," etc.

The declaration concluded with description of injuries received and lays damages, etc.

It was contended for the defendant that the allegation, "when through the negligence of the said defendant the said trolley car then and there ran off of the metal track on which it was operated and left the metal track and the street and ran into a stump of a tree which was alongside of the street in a park," is insufficient in that it does not specify any act of negligence causing the car to leave the track; such as is alleged in the scond count of the declaration, "great and dangerous rate of speed by which the trolley left the track;" or in the third count, "failure to shut off the motive power when the trolley car left the track."

That such an allegation of negligence fails to reasonably apprise the defendant of what negligent act there is intention to prove.

Counsel for plaintiff insisted that the negligent act complained of was that the car ran off the track; and that it was peculiarly within the knowledge of the defendant why the car ran off the track, making the count sufficient.

Conrad, J.:—We sustain the demurrer.