ALBERT L. ROSENBERG, BY NEXT FRIEND, APPELLANT, v. JOHN L. HOLT ET AL., RESPONDENTS.

Submitted May 29, 1925—Decided October 19, 1925.

Where there was testimony that a truck traveling "pretty fast" ran upon a sidewalk and injured a boy riding a tricycle, and that the corner where the accident occurred was known to be dangerous and it was generally observed that children congregated upon the sidewalk for play, the question of negligence was one for the jury and not for the court.

---

On appeal from the Supreme Court.

For the appellant, *Cole & Cole.*

For the respondents, *Howard L. Miller.*

The opinion of the court was delivered by

MINTURN, J. The question presented by the appeal in this case is whether the trial court was legally correct in

directing a judgment of nonsuit under the following circumstances:

The plaintiff, a boy of about four years of age, while riding a tricycle upon the sidewalk of a narrow street, called Colloway avenue, near Connecticut avenue, in Atlantic City, was injured by a collision between the tricycle and an auto truck belonging to the defendant. The truck, traveling, according to one of the witnesses, "pretty fast," in turning into Connecticut avenue, ran partly upon the sidewalk where the boy was riding, and, in some manner not clearly described, struck the tricycle and injured the child, to recover for which injuries this suit was instituted. There was testimony establishing the fact that the corner was known to be dangerous, from which the inference was derivable that drivers using it, as in this instance, were required to use due care for those lawfully using the conjoining sidewalk. It was also in evidence that upon this walk, it was quite generally observed, children congregated for play, and that public knowledge emphasized the duty of a driver to so operate his vehicle as not to injure those *non sui juris* lawfully there, and entitled in their immature minds to assume that when they were upon the sidewalk they occupied a zone free, at least, from the dangers incident to vehicular invasion. This factual situation presented a *prima facie* case of negligence. If there were another side to this question, manifestly, it was the defendant's province to present it, and that situation, obviously, under the well-settled rule evolved a question for the jury, and not for the court. *Ritscher* v. *O. & P. V. Ry. Co.*, 79 *N. J. L.* 462.

The judgment of nonsuit will therefore be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, JJ. 14.