## LILLIE MULLIN v. HENRY MINKEL AND ANOTHER.[1]

March 22, 1929.

No. 27,246.

*Somsen, Dempsey & Flor,* for appellants.
*Tautges, Wilder & McDonald* and *John E. Regan,* for respondent.

DIBELL, J.

Action to recover for personal injuries sustained by the plaintiff when run into by an auto of the defendant Henry Minkel driven by his daughter, the other defendant. The court granted the motion

[1]Reported in 224 N. W. 255.

of the defendants for a new trial unless the plaintiff accepted a reduction of the verdict of $4,200 to $3,500. She elected to accept. The defendants appeal from the conditional order.

■ The auto belonged to the defendant Henry Minkel. It was being driven by his daughter. On March 19, 1927, she drove from their farm to Mapleton. When she was endeavoring to park the car it ran over the curb onto the sidewalk a distance of four feet and struck and injured the plaintiff.

The evidence sustains a finding of negligence. There is no proof of an unavoidable accident. The car either was in an improper condition for driving or was not carefully driven. The statement of the facts is enough.

■ The plaintiff commenced suit through a firm of attorneys of Minneapolis on April 9, 1927. The case was solicited. An adjuster of an insurance company obtained a settlement on April 29, 1927, for $800. The plaintiff claims it was obtained by fraud. She testified that the adjuster inquired if she did not know that it was illegal to solicit cases; said that the lawyers were trying to obtain money under false pretenses; and that it was "a crime, a penitentiary offense, and if you continue with these lawyers you will be committing a crime or aiding a crime and you will be treated just as these lawyers will be treated." He said that her attorneys were crooks and were dishonest; that "we are your friends, the lawyers are your enemies;" that they were going to send them to the penitentiary and put them where they belonged; that the lawyers were out trying to obtain money under false pretenses and that that was a crime; that he said that "if I continued with the lawyers I would be an accomplice and would be liable to be sent to the penitentiary with them." He belittled and misrepresented her injuries. He started with an offer of $315. He gradually increased to $800.

The testimony of the plaintiff as to what the adjuster said is very considerably corroborated though there is no direct testimony, aside from that of the plaintiff, that he said that she would go to the penitentiary. The adjuster put a different construction upon his negotiations with the plaintiff and produced some testimony in his

support; but the jury was justified in finding that he made fraudulent and threatening representations to induce the release. The plaintiff was a school teacher and unused to the situation in which she was put. The evidence sustains the finding of the jury that the settlement was fraudulently induced.

■ The jury awarded $4,200. The plaintiff had previously received $800. The court granted a new trial unless she consent to a reduction of the verdict to $3,500. She filed her consent. It is claimed by the defendants that the damages are excessive.

The injury was to the plaintiff's knee. The evidence is sufficient to sustain a finding that it resulted in a movable cartilage; that the injury will be permanent; that a surgical operation might result in a cure; that such operation would be a major operation; and that it would be attended with danger of infection. The plaintiff wears a bandage and claims that she suffers and that her knee is stiff. We cannot hold the damages excessive.

Order affirmed.