NETTIE STARR *v.* GERSHON STARR.

(*January* 3, 1934.)

LAYTON, C. J., HARRINGTON and RODNEY, J. J., sitting.

*Philip Cohen* for plaintiff.

*William Prickett* for defendant.

Superior Court for New Castle County, No. 169, March Term, 1933. Case heard on demurrer to plaintiff's declaration.

LAYTON, C. J., delivering the opinion of the Court:

The plaintiff, sister of the defendant, and his invited guest in an automobile driven by him, sued the defendant for personal injuries sustained as a result of the automobile sliding and skidding and running off the road and striking a culvert.

The defendant demurred to the second and third counts of the declaration.

■■ The material part of the second count is as follows:

"* * * Yet the defendant not regarding his duty in that behalf, did not use due and proper care that the plaintiff should be safely carried by the said automobile, but wholly neglected so to do and drove and operated his said automobile in a negligent and careless manner, in that through causes unknown to the plaintiff said automobile ran, slid and skidded off the road. * * *"

To this count the defendant demurred for the reason that the language of the count is vague and indefinite, does not inform the defendant with sufficient particularity, and is a conclusion of law.

In support of the count, the plaintiff contends that the doctrine, *res ipsa loquitur,* applies, and, therefore, it is not necessary to specify particular acts of negligence.

Considering the language of the count descriptive of the movement of the vehicle, "ran, slid and skidded off the road," it appears that the word "ran" is used to indicate movement generally while "slid and skidded," are employed as synonymous terms pointing out the particular character

of the movement of the vehicle, the effect being that, by negligence of the defendant, the vehicle skidded off the road.

The doctrine relied upon is defined in *Edmanson v. W. & P. Traction Co.*, 2 *W. W. Harr.* (32 *Del.*) 177, 120 *A.* 923, cited by the plaintiff, which doctrine, without doubt, applied particularly and appropriately to the facts in that case.

However, the doctrine involved is not an arbitrary one, but is a simple rule of evidence depending upon sound sense and reason. *Goldman, etc., Bottling Co. v. Sindell*, 140 *Md.* 488, 117 *A.* 866.

It is not the naked injury but the manner and attending circumstances of the accident that justify the application of the doctrine in an action for the negligent breach of an ordinary duty, and, therefore, it follows that the applicability of the doctrine must depend upon the peculiar facts and circumstances of each individual case; and consequently, no rule of general application can be laid down nor any exact classification made as to when it may or may not be properly applied. Furthermore, the application of the doctrine is considered to be in aid of administration of justice and not to be applied in a manner to work injustice to a defendant, so that, the doctrine is of limited and restricted scope, ordinarily to be applied sparingly and with caution, in peculiar and exceptional cases, and only where the facts and demands of justice make the application essential. 45 *C. J.* 1200, § 771.

The question when the rule can be applied with safety must be considered always with reference to the special facts of the case and the teachings of experience with regard to them. *Copithorne v. Hardy*, 173 *Mass.* 400, 53 *N. E.* 915.

Having these considerations in mind, it is apparent that the *Edmanson Case, supra,* presents circumstances so entirely different from those of an instant case as to render further comment unnecessary.

We decline to hold that the doctrine or rule of *res ipsa loquitur* is applicable.

In *Huddy on Automobiles,* 3-4, *pages* 120, 121, it is said if skidding of the machine is relied upon for recovery it must appear that the operator was negligent in operating the machine, or did or omitted to do something which a careful operator would have done and the mere fact of skidding is not of itself evidence of negligence.

In *Williams v. Holbrook,* 216 *Mass.* 239, 103 *N. E.* 633, the Court said the mere skidding of an automobile was not an occurrence of such uncommon or unusual character that, unexplained, the jury could see it furnished evidence of negligence.

In *Linden v. Miller,* 172 *Wis.* 20, 177 *N. W.* 909, 12 *A. L. R.* 665, it was said:

"Skidding may occur without fault, and when it does occur it may likewise continue without fault for a considerable space and time. It means partial or complete loss of control of the car under circumstances not necessarily implying negligence. Hence the plaintiff's claim that the doctrine of *res ipsa loquitur* applies to the present situation is not well founded. In order to make the doctrine  *  *  * apply, it must be held that skidding itself implies negligence. This it does not do. It is a well-known fact that cars may skid on greasy or slippery roads without fault either on account of the manner of handling the car or on account of its being there."

The situation presented is not one which, of itself, "bespeaks negligence," as remarked in *Campbell v. Walker,* 1 *Boyce* 580, 76 *A.* 475.

It is evident that as this doctrine is not applicable, the count is open to the objection stated in the demurrer. *Campbell v. Walker,* 1 *Boyce* 580, 76 *A.* 475; *Silvia v. Scotten, et al.,* 1 *W. W. Harr.* (31 *Del.*) 290, 114 *A.* 206; *Newton v. People's Ry. Co.,* 4 *Penn.* 350, 55 *A.* 2; *Redding v. W. & P. Traction Co.,* 7 *Boyce* 518, 108 *A.* 739; *Riedel v. Wilmington City Ry. Co.,* 5 *Penn.* 572, 64 *A.* 257; *Wood v. P., B. & W. R. R. Co.,* 1 *Boyce* 336, 76 *A.* 613.

The following cases were cited by the plaintiff, and deserve some comment. *Mackenzie v. Oakley,* 94 *N. J. Law*

66, 108 *A.* 771, was before the Court on appeal. No question of the sufficiency of pleading was raised. The evidence was that the automobile was running at a speed from eighteen to thirty miles per hour on a high crowned, slippery road.

*Brown v. Des Moines Steam Bottling Works*, 174 *Iowa* 715, 156 *N. W.* 829, 1 *A. L. R.* 835, also was before the Court on appeal, and no question of pleading was presented. The facts were that on a warm, dry day, the automobile of the defendant, being driven at a slow rate of speed, left the street and ran against the plaintiff standing on the sidewalk.

In *Masten v. Cousins*, 216 *Ill. App.* 268, there was a count charging negligence in general terms, but no exception was taken to the count by demurrer, or otherwise. This case also was before the Court on appeal, as was *Curtis v. Ficken*, 52 *Idaho* 426, 16 *P.* (2d) 977.

In *Wallace v. Keystone Automobile Co.*, 239 *Pa.* 110, 86 *A.* 699, on appeal from a judgment for the plaintiff, the appellant contended that the statement of claim, in charging negligence, was not sufficiently definite to require it to answer, to which the Court replied that it should have demurred.

However, the Court proceeded to say that the declaration, alleging that "on account of want of repair and defects in said automobile, and, further, on account of the incompetency, unskillfulness and negligence of the chauffeur in handling and managing said automobile, the said automobile started and was carelessly and negligently run or driven against a tree," was sufficient.

The evidence disclosed that the chauffeur of the hired car stopped the machine, got out, and when he had gone a few yards, the machine started towards him and a team standing on the road. The chauffeur jumped on the running board of the moving car, and managed to guide it past the team, and a woman who had jumped therefrom in front of the car, but was unable to prevent it going across the road

where it hit a tree and threw the occupants over an embankment.

The material part of the third count is as follows:

"* * * And thereupon it became and was the duty of the defendant according to an expressed promise, made to the plaintiff, to use due and proper care in the management and operation of his automobile in order that the plaintiff should be reasonably and safely carried, yet the defendant in violation of his express promise * * * so wilfully and intentionally in violation of his said promise and contrary to the admonitions and special request of the said Nettie Starr, ran said motor vehicle at an unlawful, improper and dangerous speed."

Objection is made to this count that it sounds in contract and not in tort, and that it is an attempt on the part of the pleader to imply a greater duty than that imposed by law.

This objection is well taken. The count, whatever the intention of the pleader, appears to be founded upon an express promise.

It is a general rule that actions in form *ex contractu* cannot be joined with those in form *ex delicto*. 1 *Chitty* 201.

The theory of the plaintiff's case is that the defendant violated a duty which he owed to the plaintiff to drive with reasonable care and caution. This duty is implied by law, irrespective of his promise. The defendant's promise cannot increase the duty, nor could his refusal to promise diminish or do away with such duty.

The plaintiff does not undertake to defend the language of the count averring a request and promise to drive carefully, but says that these allegations may be rejected as surplusage. This may, in some sense, be true, but if issue is joined upon this count uncertainty and confusion of issue may result at the trial. The object and purpose of pleading is to avoid uncertainty and confusion.

We are of the opinion, therefore, that the demurrers to the second and third counts should be sustained.