HARRIET BIDDLE, an infant by her next friend, HELEN C. BIDDLE, *v.* HALDAS BROTHERS, INC., and DELAMORE DAIRY, INC., corporations of the State of Delaware; HELEN C. BIDDLE *v.* HALDAS BROTHERS, INC., and DELAMORE DAIRY, INC., corporations of the State of Delaware.

(*January* 26, 1937.)

LAYTON, C. J., sitting.

*William S. Potter* (of Ward and Gray) for plaintiffs.

*C. Stewart Lynch* (of Biggs, Biggs and Lynch) for defendant, Haldas Brothers, Inc.

*Albert W. James* for defendant, Delamore Dairy, Inc.

Superior Court for New Castle County, Summons Cases, Nos. 140 and 143, May Term, 1936.

LAYTON, C. J.: A non-suit as to Delamore Dairy, Inc. must be directed.

Where the relation of master and servant exists, the master is responsible to third persons for the damage caused by the wrongful acts or omissions of his servants in the course of their employment as such. The master is liable, also, for the negligence of one whom his servant employs, by his authority, to aid such servant in the master's business. The rule, though severe, is based upon necessity. Again, it is well settled that such authority need not be express, but may be implied from the nature of the business. But it is quite generally laid down that, where there is neither express or implied authority given a servant to employ another to perform or to assist him in the performance of his work, or a subsequent ratification by the master of such employment, the relation of master and servant between the employer and the one so employed does not exist, and the master is not liable for the negligent acts of the latter under the doctrine of respondeat superior.

■ Whether, strictly speaking, there are exceptions to the rule; or whether the seeming exceptions are not, in reality, bottomed on an implied authority in the servant to call assistance to his aid, are interesting questions. See *Haluptzok v. Great Northern Ry. Co.*, 55 *Minn.* 446, 57 *N. W.* 144, 26 *L. R. A.* 739. For example, authority would almost necesarily be implied in favor of a servant entrusted with a task which could not be performed within a reasonable time by one man. 1 *Shearman & Redfield, Neg.* (*6th Ed.*), § 157; and, also in behalf of a servant employed in a business requiring the assistance of others. *Bucki v. Cone*, 25 *Fla.* 1, 6 *So.* 160. And where a special emergency arises in the master's business, requiring additional assistance, without which the service would suffer material detriment, as by the exposure of lives or property of others in the master's charge to injury, the law implies authority in the servant to employ such additional assistance as the emergency may require. 1 *Shearman & Redfield, Neg., supra.*

■ But, if the master is to be held liable for the acts of his servants he should, generally, have the right to determine who they shall be; and, ordinarily, a subordinate servant, having no power to employ or discharge cannot impose the relation of master and servant upon the master. 1 *Shearman & Redfield, Neg., supra; Haluptzok v. Great Northern R. Co., supra.*

There is a class of cases which hold that, where a servant is employed to do a particular piece of work, and he employs another person to assist him, the master is liable for the acts of the person so employed, as much as for the acts of the servant himself. *Booth v. Mister*, 7 *Car. & P.* 66, and *Althorf v. Wolfe*, 22 *N. Y.* 355, are usually cited in support of this doctrine. The latter case is said to be unsatisfactory in the *Haluptzok Case*, and in *Labbatt, Master & Servant, Vol. 7, p. 7739.*

To these cases may be added *Geiss v. Twin City Taxicab Co.*, 120 *Minn.* 368, 139 *N. W.* 611, 45 *L. R. A.* (*N. S.*) 382; *Hendler Creamery Co. v. Miller*, 153 *Md.* 264, 138 *A.* 1; *Hollidge v. Duncan*, 199 *Mass.* 121, 85 *N. E.* 186, 17 *L. R. A.* (*N. S.*) 982. See, also, *Thyssen v. Davenport Ice & C. S. Co.*, 134 *Iowa* 749, 112 *N. W.* 177, 13 *L. R. A.* (*N. S.*) 572, where the authorities are collected. These cases, generally, are expressive of a rule that when the master entrusts the performance of an act to a servant, he is liable for the negligence of one who, though not a servant of the master, in the presence of his servant and with his consent, negligently does the act which was entrusted to the servant.

It is stated in 39 *C. J.* 1272, that other decisions have formulated an even broader rule, and have imposed liability upon the master without regard to the presence of the servant, on the ground that the injury was caused by an instrumentality used by the servant in the prosecution of the master's business. Some of the cases cited in support of this rule are either unsatisfactory or are decided on other grounds. In *Campbell v. Trimble*, 75 *Tex.* 270, 12 *S. W.* 863, the facts are meagerly reported, and it is impossible to say whether the negligent act was done in the presence of the servant. A casual reading of *Riggs v. Standard Oil Co.* (*C. C.*), 130 *F.* 199, will disclose at once its doubtful authority for the rule in support of which it was cited. In *Simons v. Monier*, 29 *Barb.* (*N. Y.*) 419, the negligent act was the setting fire to brush in an unprecedently dry season. The servant of the defendant, in general charge of and living on the defendant's farm, expressly directed his, the servant's son, to set fire to accumulated brush, which he immediately did. The fire escaped control and damaged the plaintiff's woods. In *Hollidge v. Duncan, supra,* are expressions which would seem to support the broad rule, but the court proceeded to

point out that what was done was in a sudden emergency, and in *Butler v. Mechanics' Iron Foundry Co.*, 259 *Mass.* 560, 156 *N. E.* 720, 54 *A. L. R.* 849, it was said that many of the cases, apparently contrary to the general rule of non-liability of the master for the act of one employed by a servant without authority, rest upon the fact that the employment of the assistant was expressly or impliedly assented to, or was ratified, or there existed an emergency requiring additional assistance, where authority to procure additional assistance might be implied, citing, among others, *Hollidge v. Duncan, supra.*

There is ample and respectable authority for the rule that the master is not liable when the servant delegates a particular duty in its entirety to a stranger, and is not present, and does not co-operate in the performance of the duty by the latter. Note to *Thyssen v. Davenport Ice & C. S. Co., supra,* and cases cited in brief of counsel, 13 *L. R. A.* (*N. S.*) 572, note to *Geiss v. Twin City Taxicab Co.*, 45 *L. R. A.* (*N. S.*) 382; and cases cited in brief of counsel; *Haluptzok v. Great Northern R. Co., supra; Blumenfeld v. Meyer-Schmid Grocer Co.*, 206 *Mo. App.* 509, 230 *S. W.* 132. See, *also,* 2 *Cooley, Torts* (*3d Ed.*) 1009; 18 *R. C. L.* 785; *Butler v. Mechanics' Iron Foundry Co., supra; Cooper v. Lowery,* 4 *Ga. App.* 120, 60 *S. E.* 1015.

A different situation is presented here, and none of the cases cited seems to be applicable.

So far as the evidence discloses it was not the duty of the defendant's clerk to deliver milk, or to see that it was delivered. Her duty was simple and single, to note on slips orders for milk coming to the office on the telephone. The deliveries were made by regular delivery men, as to whom she had no responsibility or control. The facts of the case do not disclose a delegation of duty, for she had no duty in the matter, nor an instance of a servant in the

line of duty employing, or accepting the proffered assistance of, a stranger in the performance of his duty. The clerk's act was unauthorized, it was not ratified, and there was no necessity for her acceptance of the assistance offered. Her act was entirely outside of her real or apparent authority, and there is no ground upon which her authority may be construed so as to include the necessary and usual means to execute it properly.

The case is similar to *Board of Trade Building Corporation v. Cralle,* 109 *Va.* 246, 63 *S. E.* 995, 22 *L. R. A.* (*N. S.*) 297, 132 *Am. St. Rep.* 917. There, the appellant, the owner of an office building was held not liable, as for the negligent act of its servant, for injury to one desiring to use an elevator through the negligence of a boy directed, in the absence of the regular elevator boys to take him to his destination, by a hall boy, who was not charged with the duty of operating the elevator or seeing that it was operated.

Mr. Potter declined to take a non-suit, and a verdict in favor of Delamore Dairy, Inc., was, accordingly, directed.

The case thereupon proceeded against Haldas Brothers, Inc.

Evidence was offered tending to show that on the day in question, Harriet Biddle was walking on the sidewalk of the northerly side of 25th Street near its intersection with Jefferson Street, and, then and there, was struck by a motor truck of the defendant, Haldas Brothers, Inc., as a result of which she suffered severe injuries.

At the close of the plaintiff's case, counsel for the defendant moved for a non-suit on the ground of variance, the declaration charging joint negligence of the two defendants, while the proof was confined to the single negligence of Haldas Brothers, Inc.

LAYTON, C. J.: On the authority of *Hitchens v. Wilmington & Philadelphia Traction Co.,* 3 *W. W. Harr.* (33 *Del.*) 375, 138 *A.* 617, the motion for non-suit as to Haldas Brothers, Inc., is denied.[1]

On behalf of the defendant evidence was given by the driver of its truck tending to show that he was driving the defendant's truck in a westerly direction on 25th Street; that the surface of the roadway was covered with packed snow and was slippery, and that the wheels of his vehicle were not equipped with chains; that he approached the intersection at about twelve miles per hour, looked both ways, and that he then proceeded to cross the street at about the same rate of speed, and that when the rear of his truck was about the center of the intersection it was struck in the left rear by another car, the collision causing his vehicle to slue or slide some distance and thereby to strike and injure the plaintiff.

There was no rebuttal of this evidence, and at the close of the testimony, counsel for the defendant moved for a directed verdict on the ground that any inference of negligence under the doctrine of *res ipsa loquitur* had been repelled, and that, accordingly, it was entitled to a directed verdict.

LAYTON, C. J.: It has not been seriously contended that the doctrine, *res ipsa loquitur,* does not apply where a motor vehicle runs upon a sidewalk and strikes and injures a pedestrian thereon. *Linberg v. Stanto,* 211 *Cal.* 771, 297 *P.* 9, 75 *A. L. R.* 555; *Smith v. Hollander,* 85 *Cal. App.* 535, 259 *P.* 958; *Brandes v. Rucker-Fuller Desk Co.,* 102 *Cal.*

---

[1] The same rule was applied in the unreported negligence case of *Gallagher v. Davis and Law,* tried in New Castle County at the November Term, 1936. Before the trial started, the action against Mrs. Davis was discontinued, but it was prosecuted to judgment against Law after a motion for a non-suit on the ground of a variance between the pleadings and the proof had been refused.

App. 221, 282 P. 1009; Gates v. Crane Co., 107 Conn. 201, 139 A. 782; Bailey v. Fisher, 11 La. App. 187, 123 So. 166; Rosenberg v. Holt, 102 N. J. Law 159, 130 A. 608; Rogles v. United Rys. Co. (Mo. Sup.), 232 S. W. 93; Mullin v. Minkel, 177 Minn. 42, 224 N. W. 255; note, 75 A. L. R. 562; Huddy, Automobiles, 15-16, 281.

The evidence for the plaintiff is that, while she was walking on the sidewalk, she was struck and injured by the defendant's motor truck. Her evidence goes no farther. The defendant's driver testified that, while in the exercise of due care, his vehicle was struck by another, and that, without fault on his part, his truck slued or skidded, or was forced against the plaintiff.

The question then is, the defendant's evidence being uncontradicted, whether an issue for determination by the jury is presented, or should the Court, as a matter of law, direct a verdict.

■ The Court must first determine, as a matter of law, whether the doctrine is applicable to the facts and circumstances disclosed by the plaintiff's evidence. If that be determined in favor of the plaintiff, a question for the jury arises. A non-suit is saved for the reason that the jury is permitted to draw from the facts and circumstances an inference of negligence. The probative effect of the permissible deduction is that which the jury may see fit to give to it in a given case. Puget Sound Elec. Ry. v. Benson (C. C. A.), 253 F. 710. The doctrine, res ipsa loquitur, is a rule of evidence. It does not relieve the plaintiff of proving negligence. It is a method or means by which proof of negligence is made.

■ The defendant, then, is obliged to go forward with the evidence, and make his exculpatory proof; and the jury, under proper instructions, must find, from all the evidence,

whether the plaintiff has sustained the burden of proving negligence by a preponderance of the evidence.

In *Glowacki v. North Western Ohio R. & P. Co.,* 116 *Ohio St.* 451, 157 *N. E.* 21, 23, 53 *A. L. R.* 1486, the Supreme Court of Ohio, having before it a decision of the Court of Appeals holding that the defendant's testimony had rebutted and destroyed the presumption of negligence arising from the fact that an electric feed wire had fallen, said,

"But it is quite certain that it has never been decided in any reported case prior to this declaration of the Court of Appeals that the explanation should not be submitted to the jury under proper instructions. All of the adjudications are to the contrary."

See, also, *Ross v. Cotton Mills,* 140 *N. C.* 115, 52 *S. E.* 121, 1 *L. R. A.* (*N. S.*) 298; *Stewart v. Van Deventer Carpet Co.,* 138 *N. C.* 60, 50 *S. E.* 562; *Colorado Springs & I. R. Co. v. Reese,* 69 *Colo.* 1, 169 *P.* 572; *Houston v. Brush,* 66 *Vt.* 331, 29 *A.* 380; *Zahniser v. Pennsylvania Torpedo Co.,* 190 *Pa.* 350, 42 *A.* 707; *Houston, E. & W. T. R. Co. v. Roach,* 52 *Tex. Civ. App.* 95, 114 *S. W.* 418; *Note, L. R. A.* 1917*E,* 226; *Plumb v. Richmond Light & R. Co.,* 233 *N. Y.* 285, 135 *N. E.* 504, 25 *A. L. R.* 685; *Michener v. Hutton,* 203 *Cal.* 604, 265 *P.* 238, 59 *A. L. R.* 480; *Sweeney v. Erving,* 228 *U. S.* 233, 33 *S. Ct.* 416, 57 *L. Ed.* 815, *Ann. Cas.* 1914*D,* 905; 5 *Wigmore, Ev.,* § 2509; note to *Glowacki v. North Western Ohio R. & P. Co., supra,* 53 *A. L. R.* 1486.

The motion for a directed verdict is denied. In the event of an adverse verdict, the question may be argued at length and considered more carefully upon a motion in arrest of judgment, if such motion shall be made.

LAYTON, C. J., charged the jury, in part, as follows:

It is not disputed that Harriet Biddle was, at the time of the occurrence of her injuries, walking on the northerly sidewalk of 25th Street where she had a lawful right to be; nor is it disputed that she was struck and injured

by the motor vehicle of the defendant, Haldas Brothers, Inc. It is stipulated that the driver of the truck of Haldas Brothers, Inc., was the servant or agent of that corporation engaged in its business at the time; and it follows, therefore, that the defendant, Haldas Brothers, Inc., is responsible in law for the damages suffered by these plaintiffs if, in fact, those damages were proximately caused by the negligence of its servant or agent, who drove the vehicle. Further, it is not denied that the surface of the roadway in question was covered with packed snow and that it was slippery on that day and at that time; nor is it denied that the vehicle of the defendant, Haldas Brothers, Inc., was not equipped with chains on its wheels.

The contention of the plaintiffs is that the principle known as *res ipsa loquitur* applies to the facts and circumstances in this case, and that an inference of negligence on the part of the defendant's driver may be drawn by the jury from those facts and circumstances subject, of course, to explanation or rebuttal.

The defendant, Haldas Brothers, Inc., contends that it was guilty of no negligence whatever, and that, therefore, it cannot be held responsible for the injuries and damage which the plaintiffs have sustained. Its contention is that its truck was being operated with due care and caution; that its speed on entering the intersection was twelve miles per hour; that its servant or agent looked carefully to his right and left before entering the intersection; that its truck entered the intersection before another car entered and which, in fact, hit its car; that the rear of its truck was just about the center of the intersection when it was hit in the left rear by the other car going north on Jefferson Street; that prior to this collision its truck was not skidding or swerving from its course in any way, but that the force of the impact caused it to skid or slue around into the curb of the sidewalk of 25th Street where Harriet Biddle was

walking, causing its vehicle to strike her, from which striking she suffered the injuries and damages complained of, and that, therefore, as it contends, being guilty of no negligence, no recovery can be had against it.

Before entering upon an explanation of the doctrine, *res ipsa loquitur*, upon which the plaintiffs' cases rest, it is necessary to explain some of the general principles relating to the law of actionable negligence.

The mere happening of an occurrence by which one is injured, in itself, raises no presumption of negligence against a defendant, but the burden is upon the plaintiff to establish by a preponderance of affirmative evidence that the defendant's negligence caused the injuries and damages. The foundation of these actions is negligence. Negligence is never presumed. It must be proved. The plaintiffs cannot recover in either of these actions unless and until it is shown to you by a preponderance of the evidence that the defendant's servant was guilty of negligence, and that that negligence was the proximate cause of the injuries and damage suffered.

Negligence is the failure to exercise that degree of caution and care in a given situation which a reasonably prudent and careful person would exercise in like circumstances. Stated in other language, negligence is the omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a reasonable and prudent person would not do.

This also is to be said: a pedestrian has a right upon the sidewalk, or that space set aside for pedestrians, which is superior to the right of motor vehicles; and a pedestrian is not negligent in assuming that he is safe from the danger of automobiles passing on the adjacent roadway, nor is a pedestrian negligent in failing to anticipate that

the driver of an automobile will so operate his car as to endanger his safety.

This principle of law, as it applies to the facts of the cases before you, excludes the suggestion of contributory negligence on the part of the plaintiffs, and the issue of contributory negligence is not before you at all.

As has been said, the plaintiffs' cases are rested upon the principle of law known as *res ipsa loquitur*. This Latin phrase, literally translated, means, "the thing itself speaks." As this rule or principle has been explained by the courts of this state, it is, that whenever a thing which has produced an injury is shown to have been under the sole control and management of the defendant, and the occurrence is such as in the ordinary course of events does not happen if due care and caution has been exercised, the fact of the injury itself will be deemed to afford sufficient evidence to support a recovery in the absence of explanation by the defendant tending to show that the injury was not due to his want of care. *Edmanson v. Wilmington & P. Traction Co.,* 2 *W. W. Harr.* (32 *Del.*) 177, 120 *A.* 923; *Thompson v. Cooles,* 7 *W. W. Harr.* (37 *Del.*) 83, 180 *A.* 522, 523.

The rule is a rule of evidence dependent upon sound sense and reason. It is not the naked injury which justifies the application of the rule, but the manner and attending circumstances of the occurrence of the injury. *Starr v. Starr,* 5 *W. W. Harr.* (35 *Del.*) 556, 170 *A.* 924.

The rule in no manner modifies the general rule that negligence is never presumed. It does not relieve the plaintiff of the burden of showing negligence, nor does it raise any presumption in his favor whatever. It means only that the facts and circumstances of the occurrence of the injury may warrant the inference of negligence, not that they compel such inference; that the facts and cir-

cumstances, in a proper case may constitute circumstantial evidence where direct evidence is lacking; but it is evidence to be weighed and considered with the other evidence, but not necessarily to be accepted as sufficient. Where the principle is applied, as here, the occurrence of injury calls for explanation or rebuttal on the part of the defendant, and when all of the evidence is before the jury, the question for them is whether the preponderance of the evidence is or is not with the plaintiff, because the jury are governed by the preponderance of the testimony.

In applying the principle it must appear that the causative force of the injury was controlled by the defendant, that there was no other equally efficient proximate cause which produced the injury, and that the cause of injury was something out of the usual order of things. Unless these elements appear, the jury would not be warranted in drawing an inference of negligence against the defendant. *Edmanson v. Wilmington & P. Traction Co., supra.*

Applying these general principles: It is not disputed, as I have said, that Harriet Biddle was on the sidewalk of 25th Street where she lawfully might be; nor is it disputed that she was then and there injured by the defendant's truck striking her. These facts and circumstances, of themselves, require explanation by the defendant, for without explanation, the jury would be warranted, although not compelled, in drawing an inference of negligence on the part of the driver of the defendant's truck, for, ordinarily, a motor vehicle properly managed does not hit and strike a pedestrian on a sidewalk.

The defendant produced testimony tending to show that its truck was proceeding across the intersection of the streets without swerving or skidding until it was hit in the left rear by another car, and that this impact caused it to

slue around or skid into and upon the infant plaintiff and that it was without fault.

In considering the defense offered, the rebuttal of the inference of negligence which may be drawn from the circumstances of the plaintiff's injury, you should keep in mind always the rule that negligence is never presumed, and that the doctrine of *res ipsa loquitur* does not deny or modify that rule.

Again, it is a principle of the law of negligence that one may not be held responsible for injuries caused by unavoidable accident. A pure accident without negligence on the defendant's part is not actionable and forms no basis for recovery of damages.

Attention must be called also to another principle, or rather an amplification of the general rule pertaining to actionable negligence, and that is, that one may not be held responsible for injuries resulting from his negligence, unless that negligence is the efficient or proximate cause of the injuries and damage complained of.

To constitute actionable negligence there must not only be a causal connection between the negligence complained of and the injuries suffered, but the connection must be in a natural and unbroken sequence without intervening efficient causes. So, when it is said that the negligence of the defendant must be shown to be the proximate cause of the injury and damage, it is meant that that negligence must be such that brings about or produces, or helps to bring about or produce the injury and damage, and but for which the injury would not have occurred at all.

Damage cannot be attributed to a given negligent act as its proximate cause, when it appears that subsequent to that negligence, a new, independent and unexpected factor intervenes which appears to be the natural and real

occasion of the injury. The intervening cause breaks the chain of legal causation and relieves the original negligent actor of responsibility.

Applying these principles to the facts and circumstances of the cases before you, it is your duty first to consider whether from the evidence any inference of negligence may be drawn at all against the defendant's servant or agent.

■ If you are satisfied from a preponderance of the evidence, having in mind the principles of law given you, that the defendant's servant was negligent in the operation of the defendant's truck, and that his negligence was the proximate or efficient legal cause of the injuries and damages complained of, your verdicts should be for the plaintiffs.

If, on the other hand, you are not satisfied from these facts and circumstances that such inference of negligence should be drawn against the defendant's agent, that is an end of the matter and your verdict should be for the defendant; likewise, if you shall be satisfied from a consideration of the evidence that the striking of Harriet Biddle by the defendant's truck was an unavoidable accident without fault on the part of its operator, your verdict should be for the defendant; likewise, again, if you shall be satisfied that the defendant's driver was not negligent in the operation of the truck, and that the plaintiff, Harriet Biddle, was injured solely as a result of the defendant's car having been run into by another car, causing the defendant's car to skid or swerve into and against the plaintiff, Harriet Biddle, your verdict should be for the defendant. Or, if you shall find from the evidence that the driver of the defendant's car, in the circumstances appearing, was negligent, but also if you shall find that the natural and real cause of the striking of Harriet Biddle was that the defendant's truck

was itself negligently run into by another car, and that the impact of that collision caused the defendant's truck to hit and strike Harriet Biddle, thereby causing the injuries and damages complained of, and but for which the accident to her would not have happened, your verdict should be for the defendant, for in such case, it cannot be said that the negligence of the defendant's driver, if any, was the proximate or efficient legal cause of the injuries and damage.