Defendants appeal from an adverse judgment returned against them at the conclusion of a jury trial before the Law Division of the Monmouth County Court, in favor of plaintiff, Robin Forsch, in the sum of $5,500 and in favor of plaintiff, Herbert L. Forsch, in the sum of $300. The important question for determination of this appeal is whether the trial court erred in permitting the application of the doctrine of res ipsaloquitur.
Summarizing plaintiffs' proofs, Robin Forsch was standing on the sidewalk at the northeast corner of Maplewood and Norwood Avenues in Ocean Township, awaiting a bus, when a cinder block struck her, knocking her down and causing serious injuries; defendant, Julius C. Liebhardt, later admitted to a police officer, who investigated the accident, that he had passed the place where Miss Forsch was standing at approximately the time of the accident, transporting a load of cinder blocks to a construction job for his employer, Edwin A. Martin, the other defendant, and, when he (Liebhardt) arrived at his destination with the load of blocks, he discovered that the blocks had "shifted and upset in the body;" Cornell Kahle, operator of a car proceeding in the same direction as the truck, testified that he observed a truck loaded with cinder blocks proceeding ahead of him on Norwood Avenue; that he saw the girl standing at the corner and "* * * as I watched her something seemed to take her feet from under her and she tumbled into the gutter almost as though someone whipped a scythe across her instep * * *" and "* * * as the truck passed the girl she toppled into the gutter;" that, upon going to the girl's assistance, he saw a cinder block within a short distance of Miss Forsch; the block that allegedly struck Miss Forsch was offered in evidence and proven to be similar to the other blocks constituting the load on Martin's truck. An examination of plaintiffs' proofs justified *Page 78 
a finding that the cinder block which struck Miss Forsch fell from defendants' truck, causing her injuries.
The disagreement between the parties centers principally around the question as to the applicability of the doctrine of res ipsaloquitur. The doctrine is so firmly established in our jurisprudence that an extended discussion is not required. This well settled maxim is clearly defined in Mumma v. Easton andAmboy R.R. Co., 73 N.J.L. 653 (E. A. 1906).
Defendants argue that plaintiffs' proofs fail either to establish a prima facie case of negligence or make the rule ofres ipsa loquitur applicable. Particularly pertinent to this issue are the comments of Mr. Justice Heher in Cicero v. NelsonTransportation Co., Inc., 129 N.J.L. 493 (Sup. Ct. 1943), viz.:
"The maxim res ipsa loquitur is applicable. This rule, as applied to actions of negligence, is founded on the hypotheses that the instrumentality producing the injury was under the management or control of the defendant, and that, in the general experience of mankind, the event producing the injury does not happen unless the person in control has failed to exercise due care. In such circumstances, negligence may reasonably be inferred, and therefore the occurrence itself affords primafacie evidence of a want of due care."
The occurrence here, in the absence of plaintiffs' explanation, was such as to reasonably warrant an inference of want of the requisite degree of care on the part of the defendants. Where, as here, the circumstances are such as will, unexplained, permit the jury to draw the inference of negligence, that inference is one for the jury and not for the court. Hughes v. Atlantic City andShore Railroad Co., 85 N.J.L. 212 (E. A. 1914); Wildauerv. Rudnevitz, 119 N.J.L. 471 (E. A. 1938). Under the proofs here, it became a jury question as to whether it was the defendants' truck from which the cinder block fell, causing Miss Forsch's injuries, and whether the truck was under the sole management and control of the defendants. If the jury found adversely to the defendants on these questions, it could then proceed to a determination as to whether the occurrence, under the circumstances here, was such as to warrant a finding of want of the requisite degree of care on the part of the defendants. The *Page 79 
jury obviously resolved these questions against the defendants and, from our examination of the record, we are satisfied that there was sufficient evidence to reasonably support such conclusions.
The only witnesses produced on behalf of the defendants were the defendant, Edwin A. Martin, who had testified as a plaintiffs' witness and who again described the truck he owned on the date of the accident; and Harold Mulford, who testified that he saw the "brick" fall from the moving truck and strike Miss Forsch; he described a truck which did not correspond to defendants' truck. Defendants argue that this testimony, in addition to plaintiffs' alleged failure to prove any negligence against the defendants, should have prompted the court to grant defendants' motion for a directed verdict of no cause of action. However, Mulford's testimony merely raised a jury question as to the identity of the truck in question.
In support of its motion for dismissal, defendants further argue that the plaintiffs could not properly rely upon the doctrine of res ipsa loquitur when their complaint charged defendants with specific acts of negligence and by their proofs they attempted to support the charge of negligence. We think these contentions have no merit. Our courts have established the rule that "in addition to the permissible inferences of negligence, want of due care, that may be drawn from the facts and circumstances connected with the happening of the accident itself, under the doctrine of res ipsa loquitur, the injured party may also show such other relevant facts and circumstances to the end of determining whether due care had been exercised in the sole management and control of the thing which caused the accident, and if not so exercised, whether the act resulted from the lack of care." Cleary v. Camden, 118 N.J.L. 215 (Sup.Ct. 1937); affirmed, 119 N.J.L. 387 (E. A. 1937). Cf.Gilroy v. Standard Oil Co., 107 N.J.L. 170 (E. A. 1930);Smith v. Kirby, 115 N.J.L. 225 (E. A. 1935).
The only other ground for reversal requiring comment is the criticism of a portion of the trial court's charge to the *Page 80 
jury. We have carefully studied the entire charge of the court to determine whether the portion of the charge complained of was erroneous or prejudicial to the defendants and are satisfied that the charge fairly and accurately stated the law applicable to the facts of the case.
We are satisfied that the trial court did not err in the rulings complained of or in its charge to the jury.
The judgment below is affirmed, with costs.