## WILLIAMS v. PENNSYLVANIA R. CO. et al.

### Civ. A. No. 1169.

United States District Court, D. Delaware.
April 5, 1950.

H. Albert Young, of Wilmington, Del., for plaintiff.

William Prickett, of Wilmington, Del., for defendant E. J. Lavino & Co. and others.

RODNEY, District Judge.

This case, which is a diversity case, is before the court upon the motion of defendants E. J. Lavino and Company, Mayor and Council of Wilmington, the Board of Harbor Commissioners and Edmund Winston Richardson, Manager, "for judgment for failure to state a claim upon which relief can be granted" as to Count IV of the complaint.

This is an action for damages for personal injuries alleged to have been suffered by plaintiff, an employee of the Pennsylvania Railroad Company, while working at the Marine Terminal, Wilmington, Delaware. In his complaint, as originally filed, the plaintiff alleged that while he was working under a railroad car at the Marine Terminal, a gantry crane under the control of these defendants ran upon his legs and body, causing serious bodily injuries. Plaintiff has since amended his complaint by adding an additional count, Count IV, which contains the following averments:

"2. The defendants, E. J. Lavino and Company, and Mayor and Council of Wilmington, and the Board of Harbor Commissioners, and Edmund Winston Richardson, Manager, or any of them, being in exclusive control of the gantry crane which ran over and crushed the legs and body of the plaintiff at the time of the grievances herein complained of, were reckless and negligent in the operation thereof, the specific details of said negligence being unknown to the plaintiff.

"3. As a result of the negligence of the defendants, E. J. Lavino and Company, and Mayor and Council of Wilmington, and the Board of Harbor Commissioners and Edmund Winston Richardson, Manager, or any of them, the plaintiff's leg was crushed and his body severely bruised and said plaintiff was otherwise seriously and permanently injured."

At the oral argument on this motion, it was agreed by counsel for the plaintiff and for the moving parties that the addition of Count IV to the complaint was intended to make it possible for the plaintiff to present his case on the theory of "res ipsa loquitur," and that the present motion, which appears to be a motion under Federal Rules of Civil Procedure, Rule 12(b), 28 U.S.C.A., raises the question whether that doctrine is applicable to this case. Under the Rules of Civil Procedure, it is not generally necessary for the plaintiff in a negligence case to allege the particular acts of negligence by reason of which the defendant is liable. The question, therefore, whether the doctrine of "res ipsa loquitur" is applicable in a given action would not normally arise at the pleading stage. However, in view of the somewhat particularized nature of the plaintiff's state-

ment of his case as it appears in his amended complaint and of the statements of counsel at the argument to which reference has been made, it appears both desirable and appropriate to decide now the question thus presented to the court.

There would seem to be little doubt that the doctrine of "res ipsa loquitur," although frequently referred to as a rule of evidence, is so closely connected and associated with substantive rights that under the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; and Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231, its application to a case which is founded on diversity of citizenship should be determined by reference to the pertinent state law.[1] It is not disputed that the applicable state law in this case is that of Delaware, where the accident occurred.

The Supreme Court of Delaware has stated in the recent case of Delaware Coach Co. v. Reynolds, 71 A.2d 69, 73 the conditions under which the doctrine of "res ipsa loquitur" may generally be applied, in the following terms: "As is indicated in Biddle v. Haldas Bros., supra, and the Delaware cases cited therein, the doctrine of res ipsa loquitur is available to a plaintiff in those situations where the facts and circumstances surrounding the occurrence of the injury warrant the inference of negligence on the part of the defendant."

More specifically, the doctrine has been held by the Delaware courts to apply where a thing which has produced an injury is shown to have been under the sole control and management of the defendant, and the occurrence is such as in the ordinary course of events does not happen if due care and caution have been exercised, the fact of the injury itself being deemed to afford sufficient evidence to support a recovery in the absence of explanation by the defendant tending to show that the in-

jury was not due to his want of care.[2] In Starr v. Starr, 5 W.W.Harr. 556, 170 170 A. 924, the Delaware Superior Court emphasized the fact that the doctrine is of limited and restricted scope and should be applied sparingly and only when the facts and demands of justice make the application essential.

In this case the plaintiff was lying under a hopper car making repairs to it, with part of his legs and feet projecting from underneath the car. His feet were on or near one of the rails along which the gantry crane ran. The injury occurred when the gantry crane moved along its track and ran over the plaintiff. There is no question that the plaintiff was lawfully in that place at the time that the injury occurred. Likewise there is no question that the gantry crane was moving along the tracks laid down for it at the time that the accident happened. At the argument it was intimated that the injury may not in fact have been caused by the wheels of the gantry crane running over the plaintiff's legs, but rather by his legs or body becoming caught up and enmeshed in a part of the mechanism of the crane which projects out slightly from the side of the crane a short distance above the level of the ground. This detail, however, makes no difference to the question of the application of the doctrine of "res ipsa loquitur."

Such being the basic facts, I am of the opinion that this is not a case for the application of the doctrine. The instrumentality which caused the injury was, it may be conceded, in the sole control of these defendants. The fact that the plaintiff was injured by the crane was undoubtedly, in a sense, an occurrence out of the ordinary course of events, but it was not an extraordinary occurrence in the sense in which that phrase is used in describing the application of "res ipsa loquitur." The unusual occurrence which may give rise to an inference of negligence and thus make the doctrine applicable, is the occurrence causing the accident, not the happening of

1. Lachman v. Pennsylvania Greyhound Lines, 4 Cir., 160 F.2d 496.

2. Edmanson v. Wilmington & Philadelphia Traction Co., 2 W.W.Harr. 177, 120 A. 923; Biddle v. Haldas Bros., 8 W.W. Harr. 210, 190 A. 588.

the accident itself. In the classic case of Byrne v. Boadle, 2 H. & C. 722, 159 Eng. Rep. 299, the extraordinary occurrence was the falling of a barrel from the upper floor of a warehouse onto the plaintiff, who was walking in the street below. In Edmanson v. Wilmington & Philadelphia Traction Co.,[3] it was the sagging of defendant's electric wires onto a wire fence on plaintiff's property and the resulting shock to plaintiff when he touched his fence. In Biddle v. Haldas Bros.,[4] the plaintiff, while walking on the sidewalk, was injured when defendant's automobile ran onto the sidewalk. The running up of the automobile onto the sidewalk was the extraordinary occurrence which warranted the inference of negligence. On the other hand, it was held in Campbell v. Walker, 1 Boyce 580, 76 A. 475, that the doctrine was not applicable when there was a collision on the highway itself between wayfarers with equal rights and duties, in this instance between two automobiles on the public road. The rule only applies to those injuries or accidents the mere occurrence of which implies a breach of duty on the part of the defendant.[5] It would seem that the rule should not apply so as to raise any presumption of negligence against a defendant where the parties involved were both in the exercise of an equal right on the occasion in question and were under the same measure of care to avoid inflicting or receiving injury.[6]

In certain Delaware cases the doctrine of "res ipsa loquitur" has been held applicable. Whether or not the doctrine is applicable, and, if so, under what circumstances, in actions by passengers against carriers need not be discussed, for those cases seem to stand on a different footing by reason of the contractural relation between the parties, and it is not suggested that they are relevant here. The present case is clearly distinguishable from the cases cited above. The plaintiff and the persons controlling the crane were in the exercise of an equal right on the occasion in question. The injury was not caused by an extraordinary occurrence such as the gantry crane leaving its tracks and running onto a part of the dock where it would not normally have gone. While the happening of the accident may be suggestive of negligence on the part of these defendants, it may be equally attributable in whole or in part to negligence of the plaintiff or conceivably to negligence on the part of some third party. There seems therefore, to be no occasion for inferring negligence from the mere fact of the accident. The admonition pronounced by the Delaware courts that the doctrine shall be applied sparingly and with caution in exceptional cases must be borne in mind. I am of the opinion that its application to this case is not required or warranted by the Delaware authorities.

Plaintiff argues that "res ipsa loquitur" should be applied because the instrumentality was in the sole control of these defendants and at the time of the accident the plaintiff was lying, stationary, under a stationary hopper car on or very near the gantry crane tracks. He relies largely on the cases of Pennsylvania R. Co. v. Eastern Transp. Co., 6 W.W.Harr. 435, 178 A. 580, and Forsch v. Liebhardt, 5 N.J.Super. 75, 68 A.2d 416. In the former case it was held that proof of the collision of a barge, a moving vessel, with plaintiff's bridge, a lawful stationary obstruction, established a prima facie case in plaintiff's favor. Clearly the running of a moving vessel into a lawfully located stationary object, such as a bridge, is an extraordinary occurrence analogous to an automobile mounting a sidewalk, and is plainly distinguishable from the case of a gantry crane or other wheeled vehicle running on rails and injuring a person lying on or very near its track. The Forsch case involved an injury to a person standing on a sidewalk as a result of concrete blocks falling off a passing truck. This is merely a modern instance of the falling barrel type of case. The fact that the injured person

3. Cited in footnote 2.
4. Cited in footnote 2.

5. Thompson v. Coolee, 7 W.W.Harr. 83, 180 A. 522.

6. See 45 C.J. 1207.

was standing on the sidewalk, rather than walking along it, when the accident occurred, does not seem to have been of any significance.

I conclude, therefore, that this case, as the basic facts are disclosed by the pleadings or presented by counsel, is not one where the doctrine of "res ipsa loquitur" can be applied and that these defendants' motion to dismiss as to Count IV of the amended complaint must be granted.

An order in accordance with this opinion may be submitted.